OTT, Judge.
Two uniformed sheriff’s deputies went to appellant’s home to talk with the residents about misdemeanors which had occurred several days previously. One deputy went into the fenced backyard and there observed (1) marijuana plants growing near a shed, and (2) other marijuana plants growing in pots inside the house in the dining room window. The other deputy went to the front door, knocked and was invited to enter. Once inside, he saw the plants on the windowsill and recognized them as marijuana. All the plants were then seized.
After his motion to suppress was denied, appellant entered a plea of nolo contendere to a charge of manufacturing cannabis. This appeal challenges the suppression ruling on the ground that the deputy who first spotted the plants had no legal right to be in appellant’s backyard, and therefore the seizure of the plants was invalid under our Morsman decision, now approved by the Florida Supreme Court. State v. Morsman, 394 So.2d 408 (Fla.1981).
*1259 We affirm the judgment and sentence. What appellant says about the activities of the first deputy may well be true, yet that in no way alters the fact that the plants inside the house were in plain view of the deputy who was invited to enter. True, it was appellant’s home, but “what a person knowingly exposes to the public, even in his own home or office, is not a subject of fourth amendment protection.” Katz v. United States, 389 U.S. 347, 351, 89 S.Ct. 507, 511, 19 L.Ed.2d 576, 581-82 (1967). The contraband was in plain sight of a uniformed officer legally entitled to be in the viewing position. He had not only a right but a duty to seize it.
The evidence taken from inside the house amply supports the judgment. It may be that the plants taken from the backyard should have been suppressed, but any error in that regard was harmless because that evidence was merely cumulative and clearly unnecessary to the judgment. Section 924.-33, Florida Statutes; Ross v. State, 202 So.2d 582 (Fla. 1st DCA 1967).
Affirmed.
BOARDMAN, Acting C. J., and DAN-AHY, J., concur.