518 So.2d 301 (1987)
STATE of Florida, Appellant,
v.
Carl E. GRAY, Appellee.
No. 87-161.
District Court of Appeal of Florida, Second District.
November 6, 1987.
*302 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellee.
THREADGILL, Judge.
The state appeals the suppression of evidence seized pursuant to a search warrant by officers who obtained consent to enter Gray's home by disguising themselves as water department employees. The trial court granted the defense motion to suppress because the officers had violated Florida's "knock and announce" statute. § 933.09, Florida Statutes (1985). We disagree and reverse.
At the initial suppression hearing the state and defense stipulated that two Tampa police officers, disguised as water department employees, knocked on Gray's door and asked him to come outside and move a car so that they could repair a broken water main. Gray complied, but locked his door and the burglar bars on the door as he exited. After he moved the car, the officers told him they needed to inspect pipes inside the home. When Gray opened the door, the two officers identified themselves and advised him that they had a warrant to search the premises. The search produced eighteen bags of marijuana, 298 capsules of heroin, cocaine residue and additional paraphernalia. On this evidence the defendant was charged with five drug offenses.
The trial court granted defense motions to suppress. A state motion for rehearing was granted, and there was testimony that the officers wore water department uniforms to serve the warrant because they had been advised that there were burglar bars on the doors and windows of the residence and there was an automatic weapon inside. They were also advised that another person was in the home with Gray. One officer testified that he and his partner informed Gray that they were police officers there to execute a search warrant while they stood on his porch and he held the door open for them. The trial court again granted the motion to suppress because the officers had failed to announce their authority and purpose prior to entering the premises.
The question presented in this case is whether an officer who peaceably enters a residence to execute a search warrant must first announce his authority and purpose. We think not. The defendant asks that we find that the officers violated the "knock and announce" statute because they obtained consent to enter by posing as water department employees. We decline for several reasons.
First, we find the plain language of the statute restricts its applicability. A literal reading of the statute reveals that the requirements are applicable only when an officer desires to effect a forcible entry into a residence. The statute in question, section 933.09, provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
Nothing in the statute reflects that the enumerated steps must precede a peaceful entry that does not involve force. In Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965), an undercover inspector of the state narcotics bureau was admitted to the defendant's residence and witnessed him smoking marijuana. The inspector left and later returned with other law enforcement officers who followed him into the home when the defendant again voluntarily admitted him without knowing his official status or purpose. This court held that the evidence was properly admitted, finding that the entry did not involve a "breaking" *303 subject to § 901.19 because "[t]he entry was gained peaceably by ruse." Id. at 631-632.[1]
We find the present case even more compelling than Koptyra because it involved the lawful execution of a search warrant.[2] The officers had obtained a valid search warrant on a showing of probable cause. They knew the residence was barred and would be difficult, if not impossible to break into. They also had information that an automatic weapon and at least one other person were in the residence.
While the officers had a statutory right to break into the residence to execute the warrant after announcing their authority if entry were refused, the circumstances here made it extremely unlikely that they could seize the contraband without placing themselves in great danger and risking destruction of the evidence sought. The security measures at the home indicated that forcible entry would be difficult, time-consuming, and would allow occupants ample opportunity to dispose of the illegal narcotics or to flee the premises. We believe the officers acted reasonably in announcing their authority and purpose while standing on the porch after the defendant had opened the residence to them.[3]
In addition, we believe that consent renders the "knock and announce" requirement inapplicable. The entry of undercover officers admitted with consent has been upheld in numerous cases where the officer leaves and then returns with other officers to effect an arrest. See, e.g., Griffin v. State, 419 So.2d 320 (Fla. 1982). Courts have held in such situations that the officers had an implied invitation to return, and thus, did not need to comply with the "knock and announce" requirements. In these cases, and in the present case, the official status of the officer is not revealed until after consent is obtained. Although the consent was obtained deceptively, the entry did not constitute the forcible entry contemplated by the statute. Just as consent given to an undercover agent before the occupant knows his true purpose remains valid when the agent returns to the scene, we believe that consent to enter under the circumstances presented herein precludes operation of the statute.
We therefore hold that because there was consent, and because there was no forcible entry, there was no violation of the "knock and announce" statute. Accordingly, we reverse the order granting the defendant's motions to suppress and remand the case for further proceedings consistent with this opinion.
Reversed and remanded.
SCHEB, A.C.J., and RYDER, J., concur.
NOTES
[1] See also Jones v. United States, 304 F.2d 381 (D.C. Cir.1962), in which the court held that a search warrant was properly executed notwithstanding the fact that the police got the defendant to open his door by tricking him into believing that only the janitor was outside.
[2] It is important to realize when construing this statute that the requirements articulated therein arose from the seminal federal decision Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), which involved a warrantless search of a suspect's residence.
[3] We note that the circumstances in this case would justify the officers' entry without giving notice of authority and purpose even if they had failed to obtain the defendant's consent to enter. Under certain circumstances, an officer's forceful entry into a residence has been upheld despite his failure to comply with the statutory requirements in question. For example, in State v. Kelly, 287 So.2d 13 (Fla. 1973), officers' execution of a search warrant of defendant's home was upheld although they did not give notice of their authority or purpose before entering the front door because they had good reason to fear that had they announced their presence and waited, the evidence would have been disposed of by the defendant.