538 So.2d 899 (1989)
STATE of Florida, Appellant,
v.
Richard FERNANDEZ, Appellee.
No. 87-2270.
District Court of Appeal of Florida, Third District.
January 24, 1989.
Rehearing Denied March 15, 1989.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellant.
Donald L. Ferguson, Coconut Grove, for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the state from an order granting a motion to suppress evidence secured through a police search and seizure. The order under review makes the following findings of fact which, we conclude, are supported by substantial, competent evidence:
"1. The defendant [Richard Fernandez] and confidential informant, James Rossi, were invited into the home of Gerald Shifflett by Mr. Shifflett for the purpose of conducting a narcotics transaction;
2. James Rossi and the defendant were lawfully in the home of Gerald Shifflett as invitees;
3. James Rossi was acting as a confidential informant for the Metro-Dade Police Department;
4. After Rossi observed and tested the cocaine, he left Shifflett's apartment with implied consent to return, ostensibly to retrieve money from the trunk of his car and to close the transaction which he had negotiated with Shifflett and the defendant;
5. The cocaine remained in the apartment;
6. James Rossi returned to the apartment and opened the door but did not enter. Instead, Rossi was pushed aside *900 by Officer Dignazio and members of the SWAT Team then entered the apartment without permission or knocking and once inside, yelled `police';
7. Once inside the apartment, the police arrested the defendant and Mr. Shifflett;
8. The cocaine, in a fiber glass kilogram wrapping, was found in Mr. Shifflett's bedroom."
The trial court felt compelled to grant the motion to suppress based on the authority of State v. Fernandez, 501 So.2d 648 (Fla.3d DCA 1986), and concluded as follows in the order under review:
"This Court, therefore, grants the defendant's Motion to Suppress in order to facilitate a resolution of the issues in this case and solicits the State to seek review of this Order. The Court wishes to obtain a clear and complete understanding of the Rule of Law as it relates to the responsibility and right of the police to enter a premises when there has been a confidential informant in use in that premises, where that confidential informant, upon leaving the residence, has communicated to the police that there is contraband in the premises, and the owner of the residence has invited and is expecting the confidential informant to return. Furthermore, the Court is granting this Motion to Suppress in order to obtain a ruling as to whether the `knock and announce' statute is applicable under the circumstances of this case."
We reverse.
The law in Florida is well settled that when an undercover police officer is invited into a residence for the purpose of purchasing illegal drugs and then departs temporarily with the understanding that he will return shortly with the purchase money for the drugs, but returns instead with police officers who effect arrests therein, both the returning undercover officer and other accompanying officers have an implied consent to reenter the premises and need not knock and announce their authority and purpose under Section 901.19(1), Florida Statutes (1985), prior to such reentry to arrest persons therein. Griffin v. State, 419 So.2d 320 (Fla. 1982); State v. Cantrell, 426 So.2d 1035 (Fla.2d DCA), rev. denied, 434 So.2d 886 (Fla. 1983), cert. denied, 464 U.S. 1047, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984); State v. Steffani, 398 So.2d 475 (Fla.3d DCA 1981), approved, 419 So.2d 323 (Fla. 1982); State v. Schwartz, 398 So.2d 460 (Fla. 4th DCA 1981); Lawrence v. State, 388 So.2d 1250 (Fla. 4th DCA 1980), approved sub nom. Griffin v. State, 419 So.2d 320 (Fla. 1982); Koptyra v. State, 172 So.2d 628 (Fla.2d DCA 1965). We see no reason why this line of authority should not apply with equal force when, as here, a confidential informer, rather than an undercover police officer, is involved in the case; just as an undercover police officer and his associates have an implied invitation, under the above circumstances, to return to the subject premises, so too do the confidential informer and his associates. Griffin, 419 So.2d at 322. Moreover, this result is not changed by the fact that the returning undercover officer or informant technically stops at the threshold of the premises, while the accompanying police officers actually enter the said premises and effect an arrest therein; the accompanying officers still have an implied invitation to enter the premises under these circumstances. See State v. Hume, 512 So.2d 185 (Fla. 1987). Finally, we do not read State v. Fernandez, 501 So.2d 648 (Fla.3d DCA 1986), to stand for a contrary rule as the "knock and announce" issue was not discussed in the court's opinion.
The order under review is reversed, and the cause is remanded to the trial court for further proceedings.