553 So.2d 331 (1989)
Joseph Anthony McVAY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1980.
District Court of Appeal of Florida, Fourth District.
December 6, 1989.
Stephen H. Broudy of Law Offices of Stephen H. Broudy, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
FRANK, RICHARD H., Associate Judge.
McVay was charged with trafficking in cocaine and the possession of marijuana in excess of twenty grams. He pleaded nolo and preserved the denial of his motion to suppress for appeal.
The evidence McVay sought to suppress was procured by Officers Wagoner and Garrison when they responded to a domestic disturbance at his home. Upon arriving at McVay's premises they were met outside by Tara, his roommate. She asked the officers to go inside and either quiet McVay or ask him to leave. The officers entered the home and approached McVay who was sitting on the couch. Next to his leg was a small glass table with lines of a white substance on it. Partially tucked under his leg was an item that looked like a man's purse with the handle of a pistol protruding.
Officer Wagoner and McVay went to McVay's bedroom to permit McVay to procure identification. When McVay opened the closet door, Officer Wagoner shined his flashlight into it to be certain McVay "was not reaching for another firearm." Officer Wagoner saw a large bag on a shelf in the closet which he believed contained marijuana. They returned to the kitchen where Officer Wagoner placed McVay under arrest for possession of cocaine, the firearm and the marijuana. Officer Wagoner returned to the bedroom and looked into an *332 unlocked metal box on the shelf directly below where he had seen the bag of marijuana. Inside the box he found several bags of marijuana.
The trial court denied McVay's comprehensive motion to suppress. We affirm the denial except as to the marijuana contained in the metal box. In Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the Supreme Court set out the boundaries for a warrantless search of a dwelling incident to a lawful arrest and concluded, inter alia, that an arrest does not justify searching the premises beyond the area where the arrest occurs. Nor does it justify searching closed or concealed areas in the room itself. Id. at 763, 89 S.Ct. at 2040.
In the present setting, the cocaine found in McVay's purse was lawfully seized as a part of the search incident to his arrest; the purse was within his control. The seizure of the marijuana which was in plain view on the closet shelf was also lawful. Hall v. State, 395 So.2d 1258 (Fla. 2d DCA 1981). The marijuana found in the closed metal box, however, was unlawfully seized. Chimel. We reverse that aspect of the trial court's order.
The record, however, does not disclose the amount of marijuana contained in either the bag or the metal box. Thus, we cannot discern the effect, if any, the unlawfully seized marijuana had in determining that McVay committed a felony or in calculating the appropriate guidelines sentence. Indeed, the quantity found in the bag, alone, may have been adequate to sustain the felony conviction as well as the penalty imposed by the trial court for the unlawful possession of marijuana. In that circumstance the marijuana taken from the metal box would not have affected either McVay's third degree felony conviction or the resulting sentence. Diehl v. State, 461 So.2d 157 (Fla. 1st DCA 1984). On the other hand, the marijuana taken from the bag, excluding that found in the metal box, may have been insufficient to warrant a third degree felony conviction or the possession penalty.
Accordingly, we remand this matter with instructions that the trial court conduct an evidentiary hearing to determine the amounts of marijuana contained, respectively, in the bag and the metal box. In the event exclusion of the unlawfully seized marijuana renders the amount lawfully seized insufficient to sustain McVay's third degree felony conviction, that conviction and sentence are to be vacated and McVay is to be adjudicated guilty of a misdemeanor and sentenced accordingly. If, of course, the lawfully seized marijuana is quantitatively sufficient to warrant McVay's felony conviction and sentence, the trial court shall so signify in an appropriate order.
Accordingly, we affirm McVay's cocaine trafficking conviction and sentence, reverse the trial court's order denying suppression of the marijuana found in the metal box and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DOWNEY and DELL, JJ., concur.