SCHEB, Judge.
The state appeals an order granting the defendant’s motion to suppress evidence seized by a police officer who executed a search warrant at the defendant’s residence. We reverse.
Upon entering the defendant’s property, Officer Joseph Ambrosio, Jr. walked past the defendant and other people standing in the yard. As he came to the front doorway of the defendant’s residence, he announced that he was a St. Petersburg police officer with a search warrant. He entered without waiting for a reply. Both the door to the porch and the inner door into the home were open. Officer Ambrosio found cocaine and marijuana inside the house.
The trial judge apparently accepted the defendant’s argument that section 933.09, Florida Statutes (1987), Florida’s “knock and announce” statute, applied. The defendant argued that the statute required the officer to stand before the open doors and wait for admittance or a refusal, after which force would be justified. We disagree.
In State v. Gray, 518 So.2d 301, 302 (Fla. 2d DCA 1987), review denied, 520 So.2d 584 (Fla.1988), this court indicated:
[T]he plain language of the statute [section 933.09] restricts its applicability. A literal reading of the statute reveals that the requirements are applicable only when an officer desires to effect a forcible entry into a residence.... Nothing in the statute reflects that the enumerated steps [notice and wait for response] must precede a peaceful entry that does not involve force.
We think section 933.09 does not apply to the facts at bar. The officer was justified in walking through the open doors to execute the valid search warrant. He did not need to stop and wait for permission to enter peaceably.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
CAMPBELL, C.J., and PARKER, J., concur.