578 So.2d 869 (1991)
Edward Earl STURDIVANT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01307.
District Court of Appeal of Florida, Second District.
May 3, 1991.
*870 Sara V. Fielding, Fort Meade, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Edward Earl Sturdivant appeals his conviction for possession of cocaine, contending that the trial court erred in the denial of his motion to suppress. We agree and reverse.
On August 25, 1989, Deputy Sheriff White of the Charlotte County Sheriff's Department received a phone call from Sherry Lewis' father advising that Lewis had information regarding Sturdivant's dealing in cocaine. White met with Lewis, who had previously been romantically involved with Sturdivant. Lewis said that Sturdivant regularly dealt in cocaine and that she could set up a situation to catch him in the act of possession of cocaine. A plan was formulated in which Lewis would arrange a meeting with Sturdivant in a motel room, signal the police by an electronic device when she observed contraband, and then open the motel room door to admit the officers. Everything went according to plan, and Sturdivant was arrested in the room and charged with possession of four packets of cocaine. No part of the plan anticipated the obtaining of a search warrant or arrest warrant.
A hotel or motel room is the private dwelling of the occupant and the constitutional protections of the fourth amendment apply to such transient guests. Wassmer v. State, 565 So.2d 856 (Fla. 2d DCA 1990). There was no evidence presented which would support a theory that Lewis was a joint occupant of the room with authority to admit others. There was also no evidence of exigent circumstances requiring the entry by the officers. The fourth amendment prohibits a warrantless and nonconsensual entry of a lawfully occupied motel room for the purpose of making a felony arrest absent exigent circumstances. United States v. Standridge, 810 F.2d 1034 (11th Cir.), cert. denied, 481 U.S. 1072, 107 S.Ct. 2468, 95 L.Ed.2d 877 (1987).
The state, relying on State v. Fernandez, 538 So.2d 899 (Fla. 3d DCA 1989), argues that Lewis as an invitee had implied consent to open the door and allow the officers to enter. However, Lewis testified that before she went to the door Sturdivant had twice told her to "get the H out of there," and it was only after she inquired as to whether he really meant it that she opened the door. Obviously, Lewis no longer had implied consent to be in the room or to return once she had left. Thus, Fernandez does not apply here.
Confronted with the evidence presented in the trial court, the state now, for the first time, offers us a citizen's arrest theory and argues that Lewis could have called in the officers to assist her in making a citizen's arrest for a felony committed in her presence. We are not persuaded.
Because the officers did not obtain a warrant and the entry was nonconsensual, the motion to suppress should have been granted.
Reversed.
CAMPBELL, A.C.J., and THREADGILL, J., concur.