ON REHEARING GRANTED
PER CURIAM.
The court grants the State’s motion for rehearing, withdraws its prior opinion, and substitutes the following:
The State appeals the granting of defendant Bernardo Lopez’ motion to suppress. We reverse.
An undercover officer met with defendant to discuss the purchase of cocaine. *1046 They went to defendant’s apartment. Defendant produced one kilo of cocaine so that the undercover officer could test its quality. After testing, the undercover officer indicated that he wanted to purchase the kilo and that he was going to his car to retrieve the money for the cocaine purchase. Defendant said that he would wait for the undercover officer’s return.
Upon leaving the apartment, the undercover officer gave a prearranged signal to some backup police officers. The backup officers entered the apartment and arrested defendant. The undercover officer then entered the apartment and seized the kilo of cocaine. Defendant moved to suppress the cocaine, arguing that there was no consent for the backup officers to enter the defendant’s apartment. The trial court granted the motion and the State has appealed.
We conclude that the order must be reversed under authority of State v. Fernandez, 538 So.2d 899 (Fla. 3d DCA 1989), and State v. Steffani, 398 So.2d 475 (Fla. 3d DCA 1981), approved, 419 So.2d 323 (Fla.1982). “The law in Florida is well settled that when an undercover police officer is invited into a residence for the purpose of purchasing illegal drugs and then departs temporarily with the understanding that he will return shortly with the purchase money for the drugs, but returns instead with police officers who effect arrests therein, both the returning undercover officer and other accompanying officers have an implied consent to reenter the premises....” State v. Fernandez, 538 So.2d at 900 (citations omitted). “[T]he consensual relinquishment of the defendant's privacy involved in inviting the undercover officers into his home extends not only to their own contemplated reentry but also to the causally and temporally closely-related actions of other [backup] officers who act at their [the undercover officers’] direction and must therefore be deemed to stand in their shoes.” State v. Steffani, 398 So.2d at 478 (footnote omitted).*
Here, upon the giving of the prearranged signal, the backup officers entered the apartment and arrested defendant. The undercover officer then reentered the apartment and seized the cocaine which he had previously tested. Under Steffani and Fernandez, the motion to suppress should have been denied. See also State v. Hume, 512 So.2d 185, 189 (Fla.1987); Griffin v. State, 419 So.2d 320, 322 (Fla.1982).
Defendant sought to distinguish Fernandez, arguing that Fernandez required the officer to stand at the threshold of the door while the backup officers entered the premises. Since the record is silent as to where the undercover officer stood while the backup officers entered the apartment, defendant argued that Fernandez and related cases did not apply. Defendant’s position is without merit. Under the case law cited, there was implied consent for the backup officers to enter the apartment and arrest the defendant. Fernandez does not prescribe that the undercover officer stand in a particular place while the backup officers are effecting the arrest.
It is of course clear that the undercover officer remained in the vicinity and reentered the apartment after defendant was subdued, for it was the undercover officer who seized the kilo of cocaine which he had previously tested. This is not, in other words, a case in which the authorities have departed the area and come back at some later time after which any period of consent has expired. See Griffin v. State, 419 So.2d at 322.
The order under review is reversed and the cause remanded with directions to deny the motion to suppress.
NESBITT and COPE, JJ., concur.

 While rejecting the above reasoning, the federal Eleventh Circuit reaches the same result through the doctrine of exigent circumstances. United States v. Harris, 713 F.2d 623, 625-26 (11th Cir.1983).