THREADGILL, Judge.
The state appeals an order suppressing all physical evidence seized during the execution of a search warrant at the appellee’s home. The trial court found that the officers’ entry into the home amounted to a “breaking,” thereby triggering the “knock and announce” requirement set forth in section 933.09, Florida Statutes (1991). We disagree and reverse.
Section 933.09 allows an officer to “break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.” The requirements of section 933.09, however, are applicable only to forcible entries. State v. Gray, 518 So.2d 301, 302 (Fla. 2d DCA 1987). In Gray, officers posed as water department employees. They asked the defendant to come outside and then told him they needed to inspect pipes inside the home. When the defendant opened the door, the officers told him that they were police officers there to execute a search warrant. Although in Gray the court found the purpose behind the officers’ use of a ruse to be significant,[1] it was the nature of the entry that guided the court’s decision to uphold the search and seizure. “Generally, the rationale of the cases holding that entry by deception does not violate the ‘knock and announce’ rule is that there has been no ‘breaking’ or use of force in the entry and, therefore, no announcement of authority or purpose is required prior to entry.” Ryals v. State, 498 So.2d 1365, 1366 (Fla. 5th DCA 1986); see also Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965) (officer’s peaceable entry into home gained by concealing his identity and purpose proper despite officer’s failure to announce purpose before entering).
In the instant case, a uniformed officer knocked on the appellee’s door. When the appellee answered, the officer told him that a friend of his was outside in a drunken state and that the officer needed the appellee to identify him. The appellee and the officer walked to a police vehicle where a second officer informed the appellee that they had a search warrant for his home. The appellee and officers then returned to the appellees’ home and went inside. Once inside, the officers read the search warrant and advised the appellee of his rights. Because the officers had gained peaceable entry, albeit by deception, they were not required to comply with the “knock and announce” provision of section 933.09.
Even if the officers’ actions had amounted to a constructive breaking, their actions were in keeping with the spirit of section 933.09. The purpose of a “knock and announce” rule such as section 933.09 is to prevent physical injury to the officers and the occupants of the premises to be searched, unexpected exposure of the occupants’ private activities, and property damage resulting from forced entry. State v. Manning, 396 So.2d 219 (Fla. 4th DCA 1981). The officers complied with the first part of the rule by knocking at the appellee’s door. By waiting for the appellee to answer, the officers avoided the unexpected exposure of the appellee’s private activities. By inducing the appellee to step outside, the officers avoided the potential for physical injury to the occupants or themselves. Once the appellee was outside, the officers announced their purpose and were able to gain peaceable entry, thereby avoiding physical damage to the premises.
We therefore reverse the order granting suppression and remand for further proceedings.
CAMPBELL, A.C.J., and HALL, J., concur.

. The officers devised the ruse because they had information that there were burglar bars on the defendant's doors and windows and an automatic weapon inside the house.