FULMER, Judge.
We reverse an order suppressing marijuana plants which were discovered when a law enforcement officer shined a flashlight toward the defendant’s partially-open closet door. Because the officer was in the room with the consent of the defendant, any contraband within plain view was subject to a seizure.
At approximately 10:00 p.m. on March 6, 1993, several deputies responded to a report of gunshots being fired in the backyard of the defendant’s house. When Deputy James Previtera asked whether he could enter the house to make sure that no one inside needed assistance, the defendant consented. After entering, Deputy Previtera saw a rifle by the front door and asked if there were any other guns in the house. The defendant responded that he had a gun collection in his bedroom and invited the deputy to inspect those guns to confirm that they had not been fired. While in the defendant’s bedroom, Deputy Previtera used his flashlight to inspect the guns because the room was dark and the defendant had told him that the light was not working. When the deputy began to leave the room, he pointed his flashlight toward the closet. Because the closet door was partially open, he and another deputy saw the marijuana plants inside the closet.
The trial court granted the defendant’s motion to suppress the marijuana plants, concluding that the search of the closet with the flashlight was illegal because the defendant had allowed the deputy into the bedroom only to confirm that his guns had not been fired. The court found that the deputy intentionally shined his flashlight into the closet, exceeding the scope of the search to which the defendant had consented.
The issue of whether or not Deputy Previtera intentionally directed his flashlight at the partially open closet door without permission is irrelevant to whether the search was legal. The deputy was in the bedroom with the consent of the defendant. Once there, he was not obliged to shield his eyes from any objects other than those he entered to inspect. When an officer is in a place where he has the right to be, any visible contraband is considered to be in plain view. Further, the use of the flashlight to illuminate the partially open closet area does not constitute a search or violate any constitutional principles. The flashlight, merely enhanced the officer’s plain view. See McVay v. State, 553 So.2d 331 (Fla. 4th DCA 1989) (marijuana on shelf considered in plain view when seen by officer shining flashlight into bedroom closet); State v. Elbertson, 340 So.2d 1250 (Fla. 3d DCA 1976) (marijuana plants in plain view of officers shining flashlight through wooden fence at night); see also Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (shining flashlight into automobile not an illegal search).
The order suppressing the evidence is reversed, and the cause is remanded for further proceedings.
THREADGILL, A.C.J., and PATTERSON, J., concur.