PARKER, Judge,
dissenting.
I respectfully dissent. In this ease two police officers drove by the home of defendant, Peggiann Johnson, to gather leads concerning her allegedly illegal activities. Johnson was holding a garage sale at the time. When the officers pretended interest in buying furniture, Johnson invited them into her home where they saw a crack cocaine pipe in one of the bedrooms. They left the home temporarily to discuss the situation with a senior officer. After being reassured that they could seize the pipe and arrest Johnson based upon evidence in their plain view, the officers identified themselves, asked for the crack pipe, and reentered the home. Johnson retrieved the pipe, and the officers arrested her and a codefendant.
The trial judge suppressed the evidence, concluding that the officers should have immediately taken the pipe or attempted to *484 obtain a warrant to search Johnson’s residence. I would reverse that decision.
Johnson asserted, and the trial court agreed, that eases dealing with consensual entry into a home, followed by a second entry, were distinguishable because they involved ongoing undercover drug transactions where the police initially were invited into the home to sell drugs. See Griffin v. State, 419 So.2d 320 (Fla.1982); Fidalgo v. State, 659 So.2d 290 (Fla. 3d DCA 1994), review denied, 654 So.2d 918 (Fla.1995); State v. Steffani, 398 So.2d 475 (Fla. 3d DCA 1981), approved, 419 So.2d 523 (Fla.1982). In this case, rather than inviting the officers in to transact illicit drug trade, Johnson voluntarily admitted them into her home in an attempt to sell her furniture. The distinction between illegal and legal business purposes is without a difference in this particular case. Upon arrival, Johnson allowed the officers to enter her home. When the officers saw the crack pipe in plain view, they had probable cause to believe that Johnson was in possession of drug paraphernalia. They did not need a warrant.
Trickery can be upheld as a legitimate police tactic to enter a home to conduct business or to serve a warrant. See State v. Herstone, 633 So.2d 110 (Fla. 2d DCA 1994); State v. Gray, 518 So.2d 301 (Fla. 2d DCA 1987), review denied, 520 So.2d 584 (Fla.1988); Koptyra v. State, 172 So.2d 628 (Fla. 2d DCA 1965). After the officers saw the crack pipe in plain view, they had a right to seize the evidence, Hall v. State, 395 So.2d 1258 (Fla. 2d DCA 1981), which was subject to being concealed or destroyed. Their reentry into the home, after identifying themselves as officers and asking for the pipe they had observed, was proper. Obviously, the police cannot legally enter a private home by deceit and then arrest the occupants based upon whatever the officers might observe. However, under these circumstances, where Johnson invited the officers to enter her home where illegal drug contraband was in plain view, I conclude that the seizure of the pipe and Johnson’s arrest were proper.