701 So.2d 568 (1997)
Dafena Bene AMBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04797.
District Court of Appeal of Florida, Second District.
September 5, 1997.
James P. LaRussa, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
*569 DANAHY, Acting Chief Judge.
Dafena Bene Amburn appeals from her convictions for possession of marijuana and leaving the scene of an accident. She pleaded nolo contendere after reserving her right to appeal the trial court's denial of her motion to suppress marijuana seized after a warrantless search of her apartment. We find the trial court erred only in part, by denying suppression as to a portion of the contraband discovered.
While investigating a traffic accident, Officer Borden of the Tampa Police Department went to the appellant's apartment after obtaining her address from her driver's license which she had left at the scene. She was described by witnesses at the accident as intoxicated. Officer Borden arrived at the appellant's address very soon after the accident and knocked on the outside door to the upstairs apartment. The appellant answered. She agreed to talk to him about the accident and complied with his request to come downstairs. She needed her automobile and insurance documents which were upstairs in her apartment, and invited Officer Borden back upstairs while she retrieved these documents. By this time Officer Alsip had arrived and both officers accompanied the appellant upstairs. The appellant opened the door to the apartment and, while standing in the doorway, Officer Border could see smoke and smell the odor of burning marijuana. There was a man sitting on a couch in the apartment in front of whom on the coffee table were a handgun, some loose marijuana in a tray, a partially smoked marijuana cigarette in an ashtray, and a hand-held scale. Also visible in the room were another handgun in a shoulder holster on a chair and a rifle in a corner. The officers took the man into custody and secured the handgun.
As the man was being arrested, the appellant moved towards a door and started to reach behind a bar to retrieve her purse. Officer Borden told her to "get back here" and then arrested her for possession of marijuana. After the appellant was arrested and her hands handcuffed behind her back, but before she was removed from the apartment, Officer Borden searched the purse that the appellant had been reaching for behind the bar. In the purse the officer found a loaded.38 handgun and another marijuana cigarette.
The officers then removed the appellant and the man from the apartment and placed them downstairs in the patrol car. The officers then went back upstairs and conducted a complete overall search of the apartment, including going through drawers and closets. They did not have a search warrant. They found a substantial amount of marijuana in the closed drawer of the coffee table in front of which the man had been seated. Only the marijuana cigarette found in her purse and the marijuana found in the coffee table drawer are at issue in this appeal.
We affirm the order denying suppression except as to the marijuana contained in the coffee table drawer. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), establishes the parameters for a warrantless search of a dwelling incident to a lawful arrest. The officers in this case went beyond what they could plainly see and violated Chimel in their warrantless search of the closed drawer of the coffee table. Chimel does not justify searching the premises beyond the area where the arrest occurred, nor does it justify searching closed or concealed areas in the room itself where the appellant was arrested, especially in light of the fact that the appellant and her companion already had been removed from the room and secured in the officer's car at the time of the search into the closed drawer. Id. at 763, 89 S.Ct. at 2040; see also McVay v. State, 553 So.2d 331 (Fla. 4th DCA 1989).
As to the marijuana found in the appellant's purse, the officers were fully justified in searching the purse and seizing the contraband there. The denial of suppression of this contraband was correct because the purse was searched incident to the appellant's lawful arrest. The purse was within the appellant's immediate control and near to where she had been just prior to being arrested. McVay.
As in McVay, we remand with instructions to conduct an evidentiary hearing to determine the amounts of marijuana contained, respectively, in the purse and in the coffee *570 table drawer. Because suppression of the marijuana found in the drawer is required, the remaining lawfully seized amounts may be insufficient to support a felony conviction. If this results, the trial court must vacate the felony conviction and sentence and adjudicate the appellant guilty of a misdemeanor and sentence her accordingly. If the lawfully seized amounts are sufficient to support a felony conviction, the trial court should so state in an appropriate order.
We reverse and remand for further proceedings in accordance with this opinion.
BLUE and LAZZARA, JJ., concur.