706 So.2d 369 (1998)
Eric Allen COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-05039.
District Court of Appeal of Florida, Second District.
February 13, 1998.
*370 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Eric Cooper, charged with grand theft, filed a dispositive motion to suppress evidence against him. After an evidentiary hearing, the circuit court denied the motion. Cooper then pleaded nolo contendere while reserving his right to appeal the suppression issue. We reverse because the police obtained the evidence against Cooper after unlawfully entering his motel room.
At the hearing, Naples Police Department Detective Edward Principe testified that he was investigating some vehicle burglaries at a motel when his attention was drawn to room 204. The motel manager told him that a woman named Melissa Beatty had rented the room, but that it was occupied by men named Jose Roman and Eric Cooper. When the detective knocked on the door to room 204, it was opened by a teenage girl, later identified as Aimee Matherly, age fifteen.
Detective Principe identified himself and told the girl that he was looking for the occupants of the room. He asked if he could come inside, and the girl allowed him to enter. Once inside, Detective Principe observed items that matched descriptions of property taken in the burglaries. Cooper was sound asleep on the bed, and it required the efforts of both the detective and the girl to wake him. Detective Principe questioned Cooper about the items he had seen in the room. Cooper then consented to a search of the room, which turned up other items belonging to the burglary victims.
At the conclusion of the hearing the circuit court denied the motion to suppress, finding that the detective's entry into Cooper's motel room was lawful. We disagree.
The occupants of a motel room enjoy the protection of the Fourth Amendment. This includes the proscription against police making a warrantless entry for purposes of search or arrest, unless they are acting under exigent circumstances or proceeding with a valid consent. See Turner v. State, 645 So.2d 444 (Fla.1994); Sturdivant v. State, 578 So.2d 869 (Fla. 2d DCA 1991). Consent to enter premises occupied by a suspect may be given either by the suspect himself or by a third party who possesses common authority over the premises. See Saavedra v. State, 622 So.2d 952 (Fla.1993), adopting the test announced in U.S. v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). As the circumstances of Cooper's case suggested no exigency, the focus of the evidentiary hearing was upon the validity vel non of Aimee Matherly's consent to the detective's entry into the motel room.
The State, which bore the burden to prove the lawfulness of the detective's warrantless entry into the room, did not contend that Aimee actually possessed common authority over the premises. In fact, she did not. The testimony disclosed that Aimee *371 was not an occupant of the room, and that she had no key to it. Rather, she was a friend of a friend of the occupants, and she just happened to be present when Detective Principe knocked on the door.
Instead, the State argued below and urges here that the detective's entry into Cooper's motel room was permissible under Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). In that decision the United States Supreme Court held that a warrantless entry is valid when based on the consent of a third party whom police, at the time of entry, reasonably believe possesses common authority over the premises, but who in fact does not possess such authority. But Rodriguez cautioned that the fact that a person consents to an officer's entry is not, standing alone, sufficient to justify the officer's belief that the person has authority to do so.
[W]hat we hold today does not suggest that law enforcement officers may always accept a person's invitation to enter premises. Even when the invitation is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry. As with other factual determinations bearing upon search and seizure, determination of consent to enter must "be judged against an objective standard: would the facts available to the officer at the moment... `warrant a man of reasonable caution in the belief'" that the consenting party had authority over the premises? Terry v. Ohio, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). If not, then warrantless entry without further inquiry is unlawful unless authority actually exists. But if so, the search is valid.
497 U.S. at 188-89, 110 S.Ct. at 2801-02.
Here, Detective Principe testified that he never questioned the girl's authority to grant him entry, but instead felt that he had no reason to believe that she did not have that authority. He acknowledged that his belief that the girl had common authority over the room was based simply on the fact that she had opened the door. He could not recall whether he asked Aimee her name before seeking her permission to enter. He did not ascertain her age, or how long she had been staying there, or whether she had a key.
We reject the State's argument that Detective Principe's entry was lawful because he might have believed that the girl "could have been" Melissa Beatty, the woman who had rented the room. That possibility arose only when, during the detective's redirect examination, he agreed with the prosecutor's suggestion that, as far as he knew, the girl might have been Melissa Beatty. Of course, that concession confirmed that Detective Principe had not asked Aimee for her name. And, otherwise, the detective's testimony made it clear that when he obtained the girl's consent to enter he had no idea who she was or why she was there. Because Detective Principe did not assert that he had actually believed that the girl who responded to his knock was Beatty, we need not examine either the reasonableness of that belief or whether the detective could have reasonably believed that Beatty had authority to permit his entry.[1]
The mere fact that an unknown person opens the door when a police officer knocks cannot, standing alone, support a reasonable *372 belief that the person possesses authority to consent to the officer's entry. Otherwise, the third party consent exception to the warrant requirement would simply consume the requirement. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148, held that police may accept an invitation to make a warrantless entry into premises only under circumstances that would cause a man of reasonable caution to believe that the person making the invitation is authorized to do so. Here, the detective did not exercise reasonable caution, but instead jumped to a conclusion that was not warranted by the circumstances.
That conclusion was all the more unreasonable because the person from whom the detective sought permission to enter was a minor. In Saavedra, 622 So.2d 952, the Florida Supreme Court resolved the question whether a minor could ever grant the police a valid consent to enter the home he shares with his parents. The court adopted the Matlock common authority test and held that it was possible for a minor to possess such authority, but that
[i]n applying the Matlock test, Florida courts should focus on whether the police officer had a reasonable belief based on articulable facts that the minor shared joint authority over the home with the parent. In determining the reasonableness of the police officer's belief, the courts should consider the minor's age, maturity, and intelligence. The courts should also consider any other facts which might show that a police officer reasonably believed that a minor shared joint authority over the home, such as whether the minor had permission to allow entry into the home, whether the minor had a key to the home, and whether the minor shared common household duties with the parent.
622 So.2d at 957-58 (footnote omitted). Thus, even when the police are aware of a minor's identity and know that he is an occupant of the home, the very fact that he is a minor calls for further inquiry before the police may reasonably believe that he possesses authority to grant them entry. The circumstances of this case, in which the detective encountered an unidentified teenager with no known connection to the motel room other than her act of opening the door, certainly demanded no less.
We reverse the order denying Cooper's motion to suppress, and remand with directions that he be discharged.
PARKER, C.J., and FULMER, J., concur.
NOTES
[1] We note that the record before us does not demonstrate that Beatty possessed actual common authority over the premises. Although the room was registered in Beatty's name, the evidence showed that Beatty, who was Cooper's sister, had rented the room for Cooper and Roman only because the men did not have proper identification. The men had paid for the room and were its only occupants. Beatty did not have a key. As the United States Supreme Court explained in U.S. v. Matlock, 415 U.S. 164, 171 n. 7, 94 S.Ct. 988, 993 n. 7, 39 L.Ed.2d 242 (1974), "[c]ommon authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." (Citations omitted.)