NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SCOTTY THOMPSON,                         )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D13-5874
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed July 15, 2015.

Appeal from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Howard L. Dimmig, II, Public Defender, and
Sharon Morgan Vollrath, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Scotty Thompson appeals his convictions and sentences for manufacture

of methamphetamine; possession of a listed chemical; actual or constructive

possession of a structure used for trafficking, sale, or manufacture of controlled

substances; and possession of drug paraphernalia.  Thompson argues that the trial

court erred in denying his motion to suppress and motion for judgment of acquittal. We affirm.

I.     BACKGROUND

The record shows that in response to a burglary, officers traced a phone found at the victim's residence to a codefendant at the address of Thompson's sister. Officers testified that Thompson's sister invited them into the house. Thompson's sister, however, testified that the police asked if Thompson was there and she said, "yes" while gesturing toward Thompson who was sitting on the couch. She maintained that she did not invite them in, instead testifying that she was pushed out of the way by the police officers. Thompson offered testimony stating

> [w]ell, I noticed that somebody knocked on the door and my sister answered the door, and I heard them ask for me and she said, 'Yeah' and she pointed at me. Like I was on the couch. And then they walked right by her and asked me to get up and asked me if I could talk to them.

Officers spoke with Thompson and asked for permission to search his bedroom. Thompson refused, stating that he did not want his bedroom searched because there were needles with methamphetamine in the bedroom. Based on this and other statements, the officers obtained a search warrant. They discovered stolen items as well as illegal drugs in the residence. Thompson was charged with burglary while armed; two counts of grand theft; manufacture of methamphetamine; possession of a listed chemical; actual or constructive possession of a structure used for trafficking, sale, or manufacture of controlled substances; possession of methamphetamine; possession of drug paraphernalia; and possession of cannabis.

The defense moved to suppress evidence resulting from the search on the grounds that the officers did not have Thompson's sister's consent to enter the home and that the officers had omitted this information in bad faith in the application for a warrant. The court denied the motion to suppress, finding that Thompson's sister's testimony was not credible. The court also found no merit in the allegations concerning the application for a search warrant.

A jury trial was held. Defense moved for a judgment of acquittal on the ground that the contraband was found in a room where Thompson was a joint occupant. Thompson argued that the State failed to prove he had the ability to exert dominion and control over the items. He also pointed out that there was no presumptive testing or chemical analysis on the contraband. The motion was denied. Ultimately, the jury found Thompson guilty of manufacture of methamphetamine; possession of a listed chemical; actual or constructive possession of a structure used for trafficking, sale, or manufacture of controlled substances; and possession of drug paraphernalia and acquitted him on the remaining counts. He was sentenced to seven years in prison.

II.     MOTION TO SUPPRESS

A ruling on a motion to suppress reaches review clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences in a manner consistent with the trial court's ruling. Connor v. State, 803 So. 2d 598, 608 (Fla. 2001). However, the application of the law to the facts, in particular whether a suspect is "in custody," is a legal question subject to de novo review. Id.

Thompson argues that the trial court erred in denying his motion to suppress because the law enforcement officers did not have consent to enter the home.

- 3 -

The Fourth Amendment to the U.S. Constitution prohibits warrantless searches; however, a warrantless search may be validated if the State proves "the search falls into an established constitutional exception to the warrant requirement, such as consent." Alamo v. State, 891 So. 2d 1059, 1061 (Fla. 2d DCA 2004); see also Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Whether consent is voluntarily given is a question of fact determined considering the totality of the circumstances. Schneckloth, 412 U.S at 227. Consent can be given by the suspect himself or by a third party. See Cooper v. State, 706 So. 2d 369, 370 (Fla. 2d DCA 1998). Further, "police may accept an invitation to make a warrantless entry into premises only under circumstances that would cause a man of reasonable caution to believe that the person making the invitation is authorized to do so." Id. at 372 (citing Illinois v. Rodriguez, 497 U.S. 177 (1990)). Although there was conflicting evidence as to whether Thompson's sister had invited the officers into the residence, sufficient evidence exists to support a finding that the officers reasonably perceived Thompson's sister's response (in the form of a gesture) as an invitation to enter the residence and she in fact had the authority to invite them inside.

Furthermore, Thompson argues that his incriminating statement should have been suppressed because he made it pursuant to an interrogation; however, evidence was presented showing he volunteered the information. Incriminating statements are admissible where they are made voluntarily and spontaneously and are not the product of interrogation. Hayward v. State, 24 So. 3d 17, 36 (Fla. 2009), as revised on denial of reh'g (Dec. 10, 2009) (quoting Rosher v. State, 319 So. 2d 150, 152 (Fla. 2d DCA 1975)). The determination of whether the evidence should have been

suppressed depends on the type of encounter that occurred between law enforcement and the defendant. A consensual encounter involves minimal police contact. As the Florida Supreme Court described in Popple v. State, 626 So. 2d 185, 186 (Fla. 1993), "[d]uring a consensual encounter a citizen may either voluntarily comply with a police officer's requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked." Therefore, a consensual encounter is not an interrogation and does not trigger Miranda[1] warnings.

In the instant case, the officers testified that they asked Thompson for consent to search the bedroom and he refused, answering that there were needles with methamphetamine in the room. Thompson did not provide the information in response to an inquiry about the contents of the room; instead, it was volunteered pursuant to a consensual encounter between Thompson and the officers. Thompson was free to simply reply "no" to the search request or ignore the officers rather than volunteering information about the contents of the bedroom. Accordingly, the court did not err in denying Thompson's motion to suppress.

III.    MOTION FOR JUDGMENT OF ACQUITTAL

A motion for judgment of acquittal is a ruling on an issue of law, thus the trial court's order is reviewed de novo, viewing the evidence in a light most favorable to the State. See Gizaw v. State, 71 So. 3d 214, 217 (Fla. 2d DCA 2011).

Thompson argues that the court erred in denying his motion for judgment of acquittal because the State failed to prove that he had knowledge of or the ability to exercise dominion and control over the contraband found in a jointly occupied room.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

Additionally, Thompson argues the State did not prove he possessed listed chemicals knowing or having reasonable cause to believe that they would be used to unlawfully manufacture a controlled substance.

"A motion for judgment of acquittal should be granted in a circumstantial evidence case if the [S]tate fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." State v. Law, 559 So. 2d 187, 188 (Fla. 1989). However, "[t]he [S]tate is not required to 'rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." Id. at 189 (citation omitted).

In the instant case, the evidence was sufficient to support Thompson's conviction and rebut his allegation that he did not know the chemicals were to be used for the production of methamphetamine or that he did not possess them. In addition to the testimony showing Thompson refused to allow a search of the bedroom because there were needles containing methamphetamine, detectives found in the bedroom the chemicals needed to produce methamphetamine with the "one pot" method (ether, ammonium nitrates, pseudoephedrine, lithium). Detectives also found glass pipes and baggies that tested positive for methamphetamine as well as digital scales often used to weigh methamphetamine for sale. Although the chemicals were not tested, they were found in their original packaging and a detective testified as to the labels on the bottles and their contents. Additionally, Thompson admitted that he smoked methamphetamine, his girlfriend also admitted that they used methamphetamine together, and Thompson's brother admitted that he received methamphetamine from

Thompson. Testimony showed that Thompson was staying in that bedroom of his sister's residence with his girlfriend, where they both shared access and control of the room. This evidence was sufficient to support Thompson's conviction and was inconsistent with Thompson's claim that he did not know the chemicals were to be used for the production of methamphetamine or that he did not possess them. The trial court did not err in denying Thompson's motion for judgment of acquittal, and thus we affirm his conviction and sentence.

Affirmed.

VILLANTI, C.J., and LUCAS, J., Concur.