302 So.2d 490 (1974)
Thurmond R. RUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-163.
District Court of Appeal of Florida, Second District.
November 6, 1974.
*491 Goldner, Marger, David & Rightmyer, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Thurmond R. Rucker has filed a petition for writ of certiorari to review the order of the circuit court affirming judgment and sentence of the county court, criminal division, for obstructing an officer without violence.
Police Officer McLaughlin observed an automobile being driven by a young boy who appeared to be below the legal age allowable for driving. The officer's cruiser followed with its red lights flashing into Rucker's driveway. McLaughlin informed the driver why he was stopped and asked to see his driver's license, but the boy replied that he did not have it with him. When McLaughlin asked him his age, the boy began to scream profanities and ran into Rucker's house. The officer pursued, intending to arrest the boy without a warrant for a traffic violation and disorderly conduct, both misdemeanors. As he reached the front door which had just closed behind the boy, the officer, without knocking or announcing his purpose, tried to open the door, and was struck by Rucker in the mid-section. A push and shove scuffle ensued on the front porch and Rucker told the officer, interspersed with a few obscenities, to get off his property. McLaughlin called for a back-up cruiser, and when it arrived Rucker was arrested and taken to the police station.
The trial court refused to direct a verdict of acquittal, and charged the jury, inter alia, that a police officer in hot pursuit of a person sought to be arrested may open a door of a residence into which the person pursued went.
An officer is not authorized to break open a door in a private dwelling in order to make an arrest without a warrant for a misdemeanor. § 901.19, F.S.; Prather v. State, Fla.App.2d 1966, 182 So.2d 273. The exceptions recited in Benefield v. State, Fla. 1964, 160 So.2d 706, are not applicable to the arrest of a misdemeanant without a warrant.
Accordingly, certiorari is granted, the order of the circuit court affirming the county court's judgment is quashed, and the cause is returned with instructions to remand to the trial court with directions to discharge the petitioner.
McNULTY, C.J., and GRIMES, J., concur.