## STATE v. LOPEZ.

No. 75-2833-MM.

County Court, Palm Beach County.

February 18, 1976.

Robert Anderson, Legal Intern, Office of State Attorney, for the state.

Randolph Murrell, Legal Intern, Office of Public Defender, for the defendant.

DANIEL T. K. HURLEY, Judge.

This cause came on for hearing before the court upon the defendant's motion to dismiss, filed pursuant to Rule 3.190, RCrP. The motion alleges that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. Pursuant to Rule 3.190(d), RCrP, the state filed a demurrer and listed additional facts which were accepted and stipulated by the defense at the time of the hearing.

### THE FACTS

During the afternoon of November 22, 1975, deputy sheriffs Johnson and Miller responded to a domestic disturbance call at 1587 Meridian Road in West Palm Beach. As part of their investigation they came into contact with the defendant ouside her home. An argument ensued during which the defendant said to the police officers, "I'm going to get my gun and shoot you." Defendant then ran next door to her home and, once inside, locked the door. The officers chased after her and asked her to come out. She refused. They asked if she had a gun, but she declined to answer. Another woman at the scene, however, told the officers that the defendant did have a gun.

Without announcing their authority and purpose, the officers then entered the home through the unlocked front door and encountered the defendant therein. A scuffle ensued during which the defendant bit one of the deputies. The house was searched and no weapon was found.

In the information which was filed, the defendant was charged with assault for her conduct outside the house and with resisting an officer without violence and battery for her conduct within the house.

## CONCLUSIONS OF LAW

The defendant argues that her activity prior to entering the home did not reach the threshold of criminal activity. She argues that the fact that she did not have a weapon at the time of her statement coupled with the distance that she would have had to travel to obtain a weapon makes impossible the crime of assault. Alternatively, she argues that if any crime was committed outside, it was a misdemeanor which under Florida Statute 901.19 and the case of *Rucker v. State*, 302 So.2d 490 (2d Fla.App. 1974) would not allow an officer to enter a private dwelling in order to make an arrest without a warrant.

The defendant further contends that because the entry of the home was illegal, she had a right to resist arrest therein and consequently the charges of resisting arrest without violence and battery must fall.

### I

It is undisputed that Deputies Johnson and Miller were engaged in the lawful execution of a legal duty (i.e., investigating a domestic disturbance) when they came into contact with the defendant. It is also unquestioned that the defendant was a proper subject of their investigation.

The facts show that the defendant "offered" to do "violence to the person of said officers" and took steps which a reasonable person might well infer were aimed toward the accomplishment of that end. Irrespective of the charge that was later filed for this activity (assault), the legal evaluation of that activity for purposes of determining the reasonableness of the officers' conduct is a matter for the court. Viewing the defendant's conduct against the prohibitions of Florida Statute 843.01, the officers had probable cause to believe that the felony of obstructing a police officer with violence had occurred and therefore that they had justification to enter defendant's home and effectuate her arrest in accord with Fla. Stats. 901.15 and 901.19.

### II

Florida Statute 901.19 requires that peace officers give notice of their authority and purpose and be refused admittance prior to making a forcible entry into any building to execute a search warrant or to effectuate an arrest with a warrant or a warrantless arrest for a felony. This is a codification of the common law requirement, and the common law exceptions to the notice requirement apply to the statute. They were enumerated by the court in the case of *Benefield v. State*, 160 So.2d 706, 710 (Fla. 1964) —

"...[O]ur statute is violated by an unannounced intrusion in the form of a breaking and entering any building, including a private home, except (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose; or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted."

Exceptions number one (the "useless gesture doctrine") and three are applicable to this case. The defendant was fully aware of the officers' purpose and authority. Moreover, at the time the defendant suggests the officers should have knocked and announced their authority and purpose — thereby disclosing their physical location — the officers were under the apprehension that she was about to shoot at them. To suggest the statute required them to become visible targets is unrealistic and incorrect.

Cases which illustrate exceptions to the comparable federal statute [18 U.S.C. §3109 (1970)] are — *United States v. Artieri,* 491 F.2d 440, 444 (2d Cir.), cert. denied, 43 U.S.L.W. 3212 (U.S. Oct. 15, 1974) (forcible entry justified by reasonable belief that one suspect was armed); *United States v. Leon,* 487 F.2d 394 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974) (obvious potential danger to officers); *United States v. Allende,* 486 F.2d 1351, 1353 (9th Cir. 1973), cert. denied, 416 U.S. 958 (1974) (scampering sounds from within).

It is well known that domestic disturbances provide some of the most dangerous encounters in police work. Emotions are high and in such a heightened atmosphere it is difficult to predict an individual's response. In this case, the police officers reacted reasonably and prudently when confronted with an unanticipated escalation in a seemingly minor investigation. Their spontaneous actions were aimed at diffusing a potentially dangerous situation; their conduct reflected their concern for their own safety and for the safety of others in the neighborhood. It was for circumstances such as these that the exceptions to the statute were crafted.

Thus, the events within the home do not escape criminal liability under a right to resist theory.

**III**

Lastly, viewing the totality of the defendant's words and actions outside of the house and considering them as part of a continuous transaction, the court is of the opinion that, if proved beyond a reasonable doubt, they would sustain the charge of assault. *State v. Wilson*, 276 So.2d 46 (Fla. 1973). The fact that the state through the exercise of prosecutorial discretion has elected to charge the lesser offense of assault rather than obstructing an officer with violence or attempted aggravated assault does not provide a shield from prosecution as long as there is proof to support the lesser charge.

Accordingly, defendant's motion to dismiss is denied.