355 So.2d 850 (1978)
Emanuel Ash BEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2076.
District Court of Appeal of Florida, Third District.
March 7, 1978.
*851 Carey, Dwyer, Cole, Selwood & Bernard and Michael C. Spring, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, appeals a judgment of conviction entered pursuant to a jury verdict to the charge of resisting an officer with violence to his person. After a consideration of the points raised on appeal by appellant, we have concluded that they are without merit; therefore, the judgment appealed is affirmed.
Appellant raises the following three points on appeal: (1) whether the trial court erred in denying his challenge for cause of juror Charles Stubbs; (2) whether the trial court erred in failing to direct a judgment of acquittal when the State (appellee herein) failed to prove an essential element of the offense of resisting an officer with violence to his person; and (3) whether the trial court erred in ruling that there was sufficient evidence to establish his arrest where there was no actual or constructive detention.
Section 843.01, Florida Statutes (1975), provides, among other things, that whoever knowingly and willfully resists, obstructs, or opposes any deputy sheriff or municipal police officer in the lawful execution of any legal duty by doing violence to the person of such officer shall be guilty of a felony of the third degree. In the instant case, appellant contends that he could not be guilty of a violation of this Section because the police officer, whom appellant resisted with violence, was acting outside the scope of his legal duty at the time the resistance took place.
The records shows that the officer observed appellant driving in a reckless manner and followed him to the front yard of his home. The officer then approached appellant and asked to see his driver's license. Appellant refused to produce the license and proceeded toward his home. The officer then stated to appellant that he was under arrest for reckless driving and ordered him to halt. Appellant acknowledged this statement by saying, "You can't arrest me," and then attempted to escape into his home. The officer immediately followed appellant onto the premises where the act of violence occurred.
Section 901.22, Florida Statutes (1975) provides that "[i]f a person lawfully arrested escapes or is rescued, the person from whose custody he escapes or was rescued or any other officer may immediately pursue and retake the person arrested without a warrant at any time and in any place." Appellant admits that, if he was under arrest at the time he escaped into his home, the officer would have been authorized to pursue and retake him. However, appellant contends that, at the time he fled into *852 his home, he had not been arrested because the officer had not actually or constructively detained him.
The elements of an arrest are well settled in Florida and are as follows:
(a) a purpose or intention to effect an arrest under real or pretended authority;
(b) an actual or constructive seizure or detention of one person by another having present power to control the person arrested;
(c) a communication by the person making the arrest to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and
(d) an understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
See, e.g., State v. Parnell, 221 So.2d 129 (Fla. 1969); Melton v. State, 75 So.2d 291 (Fla. 1954); Chance v. State, 202 So.2d 825 (Fla. 2d DCA 1967); and Fla.Jur.2d, Arrest § 2 (Interim Topics Cum.Supp. 1978). The record in this case clearly reflects that elements (a), (c), and (d) were satisfied. However, the determination of whether element (b) was also satisfied is dispositive of appellant's second and third points on appeal.
We are of the opinion that under modern day conditions, if all of the other elements of an arrest are present, when a police officer confronts and tells a person that he is under arrest and the officer has the present power to control the person, although he may not actually do so, a constructive arrest has been effected. Based on this opinion and the facts of this case, we have concluded that the officer had effected a constructive arrest of appellant who then attempted to escape. Thereafter, when the officer pursued appellant onto the premises for the purpose of retaking him, the officer was acting within the scope of his legal duty pursuant to Section 901.22, Florida Statutes (1975). Accordingly, when appellant did violence to the officer, as found by the jury, appellant was guilty of violating Section 843.01, Florida Statutes (1975).
In our opinion, the jury verdict was supported by competent substantial evidence and all the essential elements of the offense of resisting an officer with violence to his person were present. Based on this opinion, we have determined that appellant's second and third points on appeal are without merit. Further, we have considered appellant's other point on appeal and have also concluded that it is meritless. Therefore, based on the authorities and for the reasons set forth above, the judgment of conviction appealed should be affirmed.
Affirmed.