395 So.2d 594 (1981)
Robert JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 80-1882.
District Court of Appeal of Florida, Second District.
March 20, 1981.
Robert E. Jagger, Public Defender, and Stephanie L. Willis, Asst. Public Defender, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for respondent.
BOARDMAN, Judge.
Robert Johnson petitions for writ of common law certiorari to review the circuit court's reversal of county court orders granting petitioner's motion to dismiss, motion to suppress evidence, and motion to suppress statements made by petitioner. *595 We grant the writ and quash the order and opinion of the circuit court.
Petitioner has previously been before this court on a charge arising from this episode. See State v. Johnson, 382 So.2d 866 (Fla. 2d DCA 1980).
The facts in this case are that on June 10, 1979, shortly after 2:00 a.m., Sergeant Brubaker of the St. Petersburg Police Department was on routine patrol when he observed activity on the porch of petitioner's duplex. The officer recognized the duplex as being the home of petitioner, whom Brubaker had arrested several years earlier for a liquor law violation. Noting that it was after the time lawful liquor sales could be made in the city, the officer positioned himself behind the package store across the street from petitioner's home to observe the activity at the duplex. From that position, the officer saw several different persons separately approach the house. Each person would knock on the door, enter, remain inside for several minutes, then leave carrying a brown paper bag. There were no lights on inside the house. After observing this activity, Brubaker positioned himself in the walkway running between petitioner's duplex and the connected duplex. From there he watched two persons enter petitioner's home and was able to see into the living room through a window with slightly parted curtains. He also overheard the ensuing conversation within. The persons who had just entered indicated they wanted two beers and asked how much; petitioner responded that it was eighty-five cents a can. When the two persons left petitioner's home, Brubaker stopped them, confiscated the bag each was carrying and, after calling for another unit, went up onto petitioner's porch and knocked on the front door. Petitioner came to the door, but remained inside behind the closed screen door. Brubaker informed petitioner he was under arrest for a liquor law violation, but petitioner refused to allow the officer into his home and walked back into the house. Brubaker then opened the screen door himself and entered the residence. Once inside, he attempted to arrest and take petitioner into custody, which action petitioner resisted. A struggle followed. Petitioner was ultimately taken into custody, and, incident to petitioner's arrest, various pieces of evidence were taken from the house. Petitioner was also questioned about his liquor sales and made several statements regarding them. Petitioner was subsequently charged by information with selling an alcoholic beverage without a license, in violation of section 562.06, Florida Statutes (1979), and resisting a law enforcement officer without violence, in violation of section 843.02.
Section 562.45(1), the penalty statute covering a violation of section 562.06, classifies a violation of any provision of the Beverage Law, Chapter 562, for which no penalty has been specifically provided as a second-degree misdemeanor unless the offender has previously been convicted of a Beverage Law violation, in which case the violation is a third-degree felony. Petitioner had been convicted of a Beverage Law violation in 1976. However, the allegations of the information concerning the Beverage Law violation charged only a misdemeanor violation, and the information was properly filed in county court.
The county court granted petitioner's motions to suppress evidence and statements and his motion to dismiss the charge of resisting an officer without violence. The trial court's rationale was that the initial misdemeanor arrest of petitioner was unlawful. The circuit court sitting in its appellate capacity reversed, and this petition for writ of common law certiorari followed timely.
An officer is limited in making a warrantless arrest for a misdemeanor committed within his lawful presence by section 901.19(1), Florida Statutes (1979), entitled "Right of officer to break into building," which provides:
If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property *596 where the person to be arrested is or is reasonably believed to be.
By the clear wording of the statute, the right of an officer to enter a building to make an arrest is limited to two situations: (1) where he holds an arrest warrant, regardless of the classification of the offense, and (2) where he has the power under section 901.15, Florida Statutes (1979) to make a warrantless arrest for a felony. Under state law, there is simply no authority given to a police officer to enter a building to effect a warrantless arrest for a misdemeanor. Rucker v. State, 302 So.2d 490 (Fla. 2d DCA 1974); Prather v. State, 182 So.2d 273 (Fla. 2d DCA 1966); see Benefield v. State, 160 So.2d 706 (Fla. 1964). Furthermore, Benefield made it crystal clear that the limitations on an officer's authority contained in section 901.19 are to be very strictly adhered to where the building to be entered is a person's home.
The act of opening an unlocked screen door constitutes a "breaking" or entry within the meaning of section 901.19. Benefield, supra; Boynton v. State, 64 So.2d 536, 548 (Fla. 1953).
Even assuming Sergeant Brubaker had probable cause to believe petitioner had committed a felony, in light of the recent decision of the Supreme Court of the United States in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), as a matter of federal constitutional law, there is no longer any viable distinction between making a warrantless felony arrest and a warrantless misdemeanor arrest when that arrest involves entry into a person's home. The Court invalidated a New York statute which authorized police officers to enter a private residence without a warrant and by force, if necessary, to make a routine felony arrest, holding that the fourth amendment, made applicable to the states by the fourteenth amendment, prohibits such action. Since section 901.19, Florida Statutes (1979), suffers the same defect, the requirements of Payton must be applied to petitioner's arrest here.
In reversing the order of the trial court in the instant case, the circuit court relied on section 901.22, Florida Statutes (1979), and Bey v. State, 355 So.2d 850 (Fla. 3d DCA 1978). In the Bey case, the defendant was charged with and convicted of resisting an officer with violence. His arrest on that charge was based on the following facts:
The records [sic] shows that the officer observed appellant driving in a reckless manner and followed him to the front yard of his home. The officer then approached appellant and asked to see his driver's license. Appellant refused to produce the license and proceeded toward his home. The officer then stated to appellant that he was under arrest for reckless driving and ordered him to halt. Appellant acknowledged this statement by saying, "You can't arrest me," and then attempted to escape into his home. The officer immediately followed appellant onto the premises where the act of violence occurred.
Id. at 851. In affirming the conviction, the court concluded that the officer had effected a constructive arrest of the defendant in his front yard when he confronted the defendant there, told him of his intention to arrest him, which communication was acknowledged by the defendant, and had the present power to control the defendant. The officer's act in following the defendant into his home was viewed as within the scope of authority given the officer under section 901.22 to retake an arrested person who has escaped. Here, however, petitioner was at all times within his home. Section 901.19 and the cases decided thereunder do not give an officer the power to exercise control over and arrest a person who is wholly within the confines of his home.
If an arrest is unlawful, then any search or seizure made incident thereto is invalid, and any evidence developed as a result thereof is inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Moreover, since the arrest itself was unlawful, a prosecution for resisting arrest without violence under section 843.02 must also fail. Proof of the lawfulness of the arrest is an essential element of that offense. Lee v. State, 368 So.2d 395 *597 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979); Marshall v. State, 354 So.2d 107 (Fla. 2d DCA), cert. denied, 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978).
The county court's rulings in the instant case were clearly correct, and the circuit court departed from the essential requirements of the law in reversing those rulings. Accordingly, we grant the writ of common law certiorari, quash the circuit court's order and opinion, and remand with directions to reinstate the county court's original orders.
SCHEB, C.J., and HOBSON, J., concur.