PER CURIAM.
This is a petition for writ of certiorari in which the state seeks relief from an order of the circuit court, rendered in its appellate capacity, which affirmed an order of the county court, granting respondent’s motion to dismiss a prosecution against him for DUI, resisting arrest and fleeing from a police officer. We deny the petition.
A Florida Highway Patrol trooper clocked respondent driving on 1-95 at an excessive speed. He followed respondent *350 approximately three miles, with lights flashing and siren on. Respondent did not stop until he reached his mother’s house, whereupon respondent parked his car and entered, refusing to come outside.
The officer entered the house and arrested the respondent without a warrant. He later stated that respondent had alcohol on his breath and that his eyes were bloodshot. Respondent was taken to a BATmo-bile, where he refused to take a breath test and asked for his attorney several times, but was refused. He was kept at the BAT facility for over two hours, and was not permitted a blood test or to confer with counsel. Respondent was later charged by information with driving under the influence, resisting arrest without violence, and fleeing a police officer. His motion to dismiss was based on the alleged illegality of his arrest. The county court appropriately granted the motion to dismiss on the authority of Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).
See also Drumm v. State, 530 So.2d 394 (Fla. 4th DCA 1988), which does not discuss Welsh and Judge Baskin’s dissent in Gasset v. State, 490 So.2d 97, 99 (Fla. 3d DCA), rev. denied, 500 So.2d 544 (Fla.1986), which does, as well as the earlier decision in Rucker v. State, 302 So.2d 490 (Fla. 2d DCA 1974). The circuit court here advisedly relied upon Judge Baskin’s dissent and upon Rucker.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.