600 So.2d 530 (1992)
Juan ORTIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2464.
District Court of Appeal of Florida, Third District.
June 16, 1992.
Bennett H. Brummer, Public Defender, and Mark King Leban, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
COPE, Judge.
Juan Ortiz appeals his convictions for possession of cocaine, possession of a firearm while engaged in a criminal offense, possession of a firearm with an altered serial number, and possession of marijuana. We affirm in part and reverse in part.
Metro-Dade police officers were given an anonymous tip that narcotics activity was taking place at an apartment complex. Officers set up surveillance at the complex and watched Ortiz leaning up against a railing outside of an apartment. As the officers watched, several people approached Ortiz, spoke to him briefly and then walked away. The officers did not see hand-to-hand exchanges occur or anything else they believed were drug transactions.
After they watched Ortiz for approximately 30 minutes, two officers decided to question him. They testified that they only wanted to talk to Ortiz and did not want to arrest him. As the officers stepped off the elevator on the floor where Ortiz was located, Ortiz saw them approaching and ran *531 into an apartment. As he ran, Ortiz dropped a small plastic baggie that officers recognized as being a "nickel bag" of marijuana. The baggie contained less than 20 grams of marijuana, possession of which is classified as a misdemeanor.[1] The officers chased Ortiz into his apartment and arrested him.[2] Once inside the apartment, the officers seized two guns, cocaine and marijuana in plain view. After Ortiz was handcuffed, one officer went outside the apartment and retrieved the baggie Ortiz dropped earlier.
Ortiz filed a motion to suppress the evidence found inside the apartment. He argued that the officers could not legally enter the apartment without a warrant unless they had probable cause to believe that a felony had been committed and unless they complied with Florida's "knock and announce" statute, section 901.19, Florida Statutes (1989). The State argued that the officers were in "hot pursuit" of Ortiz and therefore could enter the apartment regardless of the type of crime  misdemeanor or felony  and without complying with section 901.19. The trial court agreed with the State and ruled, "fresh pursuit applies to any crime [and] the officer has the right to go into the house if it's fresh pursuit regardless of the level of the crime. Whether it be a misdemeanor or felony." The court denied the motion to suppress. Ortiz was convicted at trial and has appealed.
Subsection 901.19(1), Florida Statutes (1989), states:
If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
(Emphasis added). Ortiz argues that the officers exceeded their statutory authority by entering the apartment without a warrant in order to arrest him for a misdemeanor.[3] We agree.
Section 901.19, Florida Statutes (1989), defines the authority of a law enforcement officer to make a nonconsensual entry into a building in order to make an arrest. The statute authorizes entry with a warrant. Id. § 901.19(1). The statute also authorizes entry "when [the officer is] authorized to make an arrest for a felony without a warrant... ." Id. (emphasis added). However, warrantless entry is not authorized to make an arrest for a misdemeanor. Rucker v. State, 302 So.2d 490, 491 (Fla. 2d DCA 1974). See generally Benefield v. State, 160 So.2d 706 (Fla. 1964).[4]
In this case police officers initially approached Ortiz only to speak to him. They did not have probable cause to believe any crime had been committed. When Ortiz ran into the apartment, he dropped the small baggie of marijuana, and the police had probable cause to believe that Ortiz had committed a misdemeanor. The record does not support the State's argument that the officers had probable cause to believe Ortiz had committed a felony.[5] Therefore, *532 the officers did not have the authority under subsection 901.19(1) to enter Ortiz' apartment. The evidence the officers seized once inside the apartment should have been suppressed.
The State relies on Gasset v. State, 490 So.2d 97 (Fla. 3d DCA), review denied, 500 So.2d 544 (1986), for the proposition that police may make a warrantless entry into a person's home if police are in "hot pursuit" and if they believe the person has only committed a misdemeanor. Gasset is of no assistance to the State. Gasset involved entry into an open garage, and was decided solely on Fourth Amendment principles. 490 So.2d at 98. Section 901.19, Florida Statutes (1989), was nowhere discussed. In the present case section 901.19 has been raised by way of defense and the point is well taken.[6]
The convictions and sentences for possession of cocaine, possession of a firearm while engaged in a criminal offense, and possession of a firearm with an altered serial number are reversed.
This holding does not affect Ortiz' conviction for marijuana possession since the officers lawfully seized the marijuana outside of Ortiz' apartment. That conviction is affirmed. However, as the State concedes, we must remand the case to the trial court to correct a scrivener's error. The trial court mistakenly adjudicated Ortiz guilty of felony possession of marijuana when Ortiz was charged only with a misdemeanor possession.
Affirmed in part, reversed in part, and remanded to correct scrivener's error.
NOTES
[1] Section 893.13(1)(g), Florida Statutes (1989) states in part: "If the offense is the possession ... of not more than 20 grams of cannabis ... that person is guilty of a misdemeanor of the first degree... ."
[2] Ortiz ran into an apartment door approximately six feet away from where he was standing. The officers testified that the whole "chase" took several seconds.
[3] There was no consent to the entry in this case.
[4] Benefield outlines several exceptions to the requirement that the officer announce his or her purpose prior to entering. 160 So.2d at 710. As Rucker explains, those exceptions do not apply to misdemeanor arrests, 302 So.2d at 491, given that entry for warrantless misdemeanor arrests is prohibited.
[5] The officers testified that the baggie was small, three quarters of an inch by three quarters of an inch, and that they recognized it as a "nickel bag." The record does not support the State's argument that the officers could have reasonably believed the baggie contained more than 20 grams of marijuana, which would be classified as a felony.
[6] We need not decide whether the warrantless entry in the present case violated the Fourth Amendment. See Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).