STONE, Judge.
We reverse the final judgment and sentence. It was error to deny Appellant’s motion to suppress evidence seized when law enforcement officers unlawfully entered Appellant’s residence.
Having probable cause to believe Appellant was wanted for a felony, the officers had a neighbor knock on Appellant’s door. When she opened the door, thinking it was the neighbor, the officers observed drug paraphernalia in open view. The officers immediately entered and seized her. The officers had no warrant and did not announce their purpose before entering.
Absent exceptional circumstances, uninvited entry by law enforcement officers into a private dwelling without announcing their purpose, even with probable cause to arrest, is unlawful. Section 901.19(1), Florida Statutes (1995), provides:
If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
Here, because the officers failed to announce their purpose as required by law, the evidence must be suppressed. E.g., State v. Bomber, 630 So.2d 1048 (Fla.1994).
We recognize that there are several exceptions to the knock and announce requirement. Benefield v. State, 160 So.2d 706 (Fla.1964). However, we reject the contention raised here that the officers were excused from complying with the law because they had observed a misdemeanor (possession of drug paraphernalia) occurring. It is well-established that law enforcement officers may not lawfully enter private premises to effect an arrest for a misdemeanor without a warrant, notwithstanding that the crime is committed in the officer’s presence. Green v. State, 632 So.2d 197 (Fla. 3d DCA 1994); Ortiz v. State, 600 So.2d 530 (Fla. 3d DCA 1992); Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981). See also Rucker v. State, 302 So.2d 490 (Fla. 2d DCA 1974).
The state also questions whether the officers actually entered the residence in arresting and seizing Appellant. The record reflects that they did, in fact, enter Appellant’s residence to arrest her. Clearly the trial court must have also determined that the officers entered Appellant’s home, otherwise it would not have been necessary to find an exception to the knock and announce rule.
Therefore, we reverse and remand for further proceedings and direct that all evidence seized from Appellant’s home at the time of arrest be suppressed.
GLICKSTEIN and STEVENSON, JJ., concur.