691 So.2d 616 (1997)
Robert K. NORTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3260.
District Court of Appeal of Florida, Fifth District.
April 18, 1997.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Chief Judge.
Robert K. Norton appeals the trial court's finding that he violated his probation by committing the offenses of resisting an officer without violence, resisting an officer with violence, and battery on a law enforcement officer. We reverse in part and affirm in part.
Norton had been under investigation for sexual assault for three and one-half months *617 by a deputy sheriff. The deputy interviewed Norton several times and Norton voluntarily cooperated. Based upon his investigation but without a warrant for Norton's arrest, the deputy went to Norton's house to arrest him, but Norton fled and the deputy was unsuccessful. Later, that deputy and two others, again without a warrant, returned to Norton's house to arrest him. When one of the deputies approached the front of the house, Norton attempted to flee out the back door. He jumped out the back door of the elevated mobile home directly into the body of a uniformed deputy who had stationed himself outside this door. As Norton made this leap into the deputy, he began swinging and kicking at the deputy in a violent manner on his way down. As that deputy brought him to the ground, he continued to struggle. All three officers then tackled him. All 630 pounds of them ended up on top of the 145-pound Norton and Norton wound up with broken ribs and a bloody nose.
The state never filed charges on the original basis for the arrest, the alleged sexual assault. Instead, Norton was charged with violating his probation for his actions during the arrest for the non-charged sexual assault.
Norton is correct in pointing out that the arrest effectuated through an uninvited entry into his home after a three and one-half month investigation with his voluntary cooperation was illegal. The police must have an arrest warrant to effect a non-emergency arrest of an individual in his own home. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Such an arrest is an unreasonable seizure absent exigent circumstances. Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980). Norton is, however, incorrect in asserting the trial court improperly found him in violation of his probation.
An essential element of the offense of resisting arrest without violence is that the arrest must be legal. Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985). The deputies should have had a warrant to arrest Norton in his home and without it, the arrest was illegal. Thus, the trial court's finding that Norton committed the offense of resisting arrest without violence was improper. The illegality of an arrest, however, is immaterial if a person resists a law enforcement officer with violence. State v. Hartzog, 575 So.2d 1328 (Fla. 1st DCA 1991) (conviction for offense of battery on a law enforcement officer does not require showing that officer properly arrested suspect); Shannon v. State, 463 So.2d 589 (Fla. 4th DCA 1985) (defendant's alleged use of force in resisting arrest by person reasonably known to be a law enforcement officer unlawful notwithstanding technical illegality of arrest); State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981) (warrantless felony arrest in suspect's home did not justify suspect's use of force to resist arrest by uniformed officers he knew to be law enforcement officers). See also Nelson v. State, 665 So.2d 382 (Fla. 4th DCA 1996). Consequently, the trial court properly found that Norton had violated his probation by committing the offenses of resisting an officer with violence and battery on a law enforcement officer.
Norton was on probation for dealing in stolen property at the time that he resisted arrest for the alleged sexual assault. He had been placed on two years community control followed by 18 years probation in lieu of a 20 year "suspended" habitual offender prison sentence. The instant revocation of probation landed Norton in the Department of Corrections for 20 years as an habitual felony offender pursuant to the "suspended" portion of the earlier sentence for dealing in stolen property.
Norton now argues that his original habitual felony offender sentence of 20 years, suspended on condition that he successfully complete two years community control followed by 18 years probation, was invalid. See State v. Manning, 605 So.2d 508 (Fla. 5th DCA 1992) (habitual violent felony offender's sentence of 15 years, suspended on condition that defendant successfully complete 24 months of community control, followed by three years of supervised probation, was invalid as sentence did not satisfy minimum statutory requirement of incarceration for 10 years). Once an appellant, however, has enjoyed the benefits of his probation *618 without challenging the legality of his original sentence, he is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation. See Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995). Therefore, the trial court properly imposed the agreed-upon terms of incarceration. We do note the trial court should have given appellant credit for the time served on community control and probation prior to appellant's violation of probation. See Warrington (where a court imposes a sentence after having illegally suspended its imposition, the sentence must be imposed nunc pro tunc to the date of adjudication, thereby giving defendant credit for time served up to defendant's violation of probation).
The finding of the trial court that Norton violated his probation by committing the offense of resisting an officer without violence is vacated. We affirm the finding that Norton violated his probation by resisting an officer with violence and committing battery on a law enforcement officer. We remand to the trial court for the purpose of crediting Norton with the time that he successfully conducted himself on community control and probation.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GRIFFIN and ANTOON, JJ., concur.