GRIFFIN, J.
Brandon McBride [“McBride”] appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief following an evidentiary hearing. McBride raises multiple claims of ineffective assistance of counsel. We find substance to only one.
In 2010, McBride was convicted of one count of principal to robbery with a deadly weapon, two counts of principal to aggravated battery with a deadly weapon, one count of principal to criminal mischief, one count of principal to witness tampering, and one count of resisting a law enforcement officer without violence. These charges arose out of the robbery of a Winn-Dixie store by three masked friends of McBride’s. McBride, a Winn-Dixie employee, was the “inside” participant. McBride’s conviction and sentence were affirmed by this Court in August 2011, and McBride filed his rule 3.850 motion shortly thereafter.
*609 In Ground I of his motion, McBride claimed that his trial counsel was ineffective for failing to file a motion to suppress certain post-arrest statements that he made to police after he was illegally arrested. The basis for his illegal arrest claim is that the room in which he was arrested, which was within the home of Adrianne Terry, was at that time being rented from her by him. At trial, Ms. Terry confirmed in her testimony that McBride rented the room.
Deputy Bowen had been sent to Ms. Terry’s home to arrest McBride on suspicion of involvement in the Winn-Dixie robbery. Other officers arrived first and had been knocking on doors and yelling for McBride to answer the door, which he did not do. Ms. Terry arrived, provided a key to police and gave them permission to enter the house. Upon entry, a K-9 alerted on the bedroom in which McBride was hiding. After twice warning, “You’re under arrest. Surrender or I’ll release the dog,” and waiting several minutes to no response, Detective Dice opened the door to the bedroom, found McBride by a bed, hiding under a comforter, and arrested him. He was taken to local police headquarters, where, after Miranda warnings, he later gave a statement in which he admitted that he had had discussions with his friends about robbing a Winn-Dixie, but he did not know anyone was actually going to go through with it and that he did not expect anyone to get hit, or for there to be violence during the robbery.
During the evidentiary hearing on his rule 3.850 motion, McBride reiterated the claim in his motion that he rented the room and that law enforcement had no right to enter and arrest him without his permission. Under questioning during the evidentiary hearing, McBride’s trial counsel testified that he did not recall what his client’s living arrangements were with Ms. Terry. He explained, however, that he did not consider a motion to suppress because it was “inevitable” that McBride would be arrested.
The trial court denied Ground I, explaining in its order:
At the evidentiary hearing the defendant testified that he asked Mr. Solis about a motion to suppress, but never asked him to do one.... The defendant testified the officers did not get his permission to enter the house or the room he rented therein....
[[Image here]]
Mr. Solis testified that he did not consider a motion to suppress. The homeowner had given the officers permission to enter the house, and the State offered no evidence of anything recovered from the room the defendant was in by the officers. In fact, the officers testified that they just arrested the defendant and did not search the room.
[[Image here]]
Defendant failed to establish any legal grounds for suppression of his arrest, or that there was any reasonable expectation that such a motion would have been granted. Counsel cannot be ineffective for failing to file a motion which would have been properly denied.... Defendant makes general and conclusory allegations, which are insufficient to demonstrate entitlement to relief....
The trial court accorded no significance to the fact that McBride rented the room from Ms. Terry and, therefore, might have the exclusive right of occupancy and control that would limit Ms. Terry’s permission to only those parts of her property that she had not rented to others. The trial court did find it to be significant that nothing was seized from the room at the time the arrest was made. As McBride had explained in his rule 3.850 motion, however, after the United States Supreme Court decided Payton v. New *610 York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), there is no longer a constitutional distinction to be made between a non-consensual entry into a residence for a warrantless arrest and a war-rantless seizure of evidence. Entry into a residence for an arrest requires a warrant or consent, absent an emergency. Norton v. State, 691 So.2d 616, 617 (Fla. 5th DCA 1997). McBride did not give consent to the entry into his rented room by law enforcement, and there was no warrant.
In the context of hotels or motels, there is abundant case law establishing that the owner or manager of such an establishment cannot validly consent to entry into a lawfully rented room to facilitate a search or seizure. Although there is less case law dealing with residential rented rooms and, although the analysis may differ somewhat, the rented-room cases generally comport with the notion that a person’s dwelling, whether in a hotel or in a private home, is protected by the Fourth Amendment. See Walker v. State, 433 So.2d 644 (Fla. 2d DCA 1983). Here, the State has never disputed McBride’s claim that he rented the room.
As McBride recognizes in his appellate brief, his right of control over the bedroom where he was seized and the deputy’s lack of permission to enter are not necessarily dispositive of his contention that his statements to law enforcement were subject to suppression because his warrantless arrest was illegal. In New York v. Harris, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990), the United States Supreme Court held that where law enforcement had probable cause to arrest an individual yet violated the individual’s rights by failing to secure a warrant before entry into the individual’s home to make the arrest, suppression of a confession that is later obtained -outside the home and after proper Miranda warnings is not warranted. 495 U.S. at 21,110 S.Ct. 1640. In this case, there is no doubt that there was probable cause to arrest McBride; therefore, there was no basis to suppress the statements McBride made at the police station after Miranda warnings were given and a waiver was made. This conclusion accords with the 1994 decision of the Florida Supreme Court in Krawczuk v. State, 634 So.2d 1070 (Fla.1994). See also United States v. Slaughter, 708 F.3d 1208 (11th Cir.2013). We find no ineffective assistance of counsel.
AFFIRMED.
TORPY, C.J., and PALMER, J., concur.