NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY V. NIEVES, DOC #T80602,           )
                                          )
     Appellant,                           )
                                          )
v.                                        )           Case No. 2D18-613
                                          )
STATE OF FLORIDA,                         )
                                          )
     Appellee.                            )
_____)

Opinion filed August 2, 2019.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta,
Judge, and J. Rogers Padgett, Senior
Judge.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

        Anthony Nieves was out on probation when he was arrested on new

domestic violence charges.  The trial court revoked his probation after finding that he

committed a new law violation by resisting that arrest without violence.  Mr. Nieves

appeals from the revocation order and resulting sentence.  We reverse because the

police officers were not engaged in the lawful execution of a legal duty when they arrested Mr. Nieves, which is an essential element of the resisting offense. We remand for further proceedings, noting that the trial court did not pass on whether the alleged domestic violence offense, which does not require proof that the police were in the lawful execution of a legal duty, may establish a new law violation justifying the revocation of probation.

I.

The legal questions in this case hinge on whether a warrantless entry by the police into a motel room to arrest Mr. Nieves violated the Fourth Amendment, thereby leaving the State unable to establish that the police were in the lawful execution of a legal duty when they arrested him. The key facts are as follows.

After pleading guilty to burglary of a dwelling and grand theft in 2013, Mr. Nieves was sentenced to five years in prison (with credit for time served) and three years of probation. In 2017, while he was serving the probationary portion of his sentence, Mr. Nieves was arrested on domestic battery charges. The victim of the alleged battery was the mother of his children. Mr. Nieves had a prior domestic violence incident involving the same person and, as a result, was subject to a court order prohibiting him from having contact with her. After the arrest, the State filed an affidavit of violation of probation alleging that Mr. Nieves had violated condition five of his probation, which required that he "live without violating any law," by committing domestic battery and by resisting an officer without violence.

At the hearing on the alleged probation violations, the arresting officer testified that he and other officers were called to a motel to respond to a domestic

violence incident.[1]  He spoke to the victim in the parking lot and, based on that conversation, decided to arrest Mr. Nieves for domestic battery.  The officers went to a room in the motel that Mr. Nieves shared with the victim.  Although the sequence of events is not entirely clear from the testimony, there appears to have been an initial conversation among the officers and Mr. Nieves through an open window, during which the officers told him that he was going to be arrested for a domestic battery.  Mr. Nieves, however, refused to leave the motel room.

Instead, upping the ante, he barricaded himself in the motel room by placing one of the beds behind the already-locked door.  The manager of the motel gave the police a key to the room, but Mr. Nieves' ingenuity with the bed left them unable to enter.  One officer started to kick through the door.  Some others removed the screen from the open window, grabbed Mr. Nieves, and pulled him through the window and out of the room.  He struggled as the police attempted to put him in handcuffs, but they ultimately got him into custody.

After the evidence was in, Mr. Nieves argued that it was insufficient to prove that he committed the new law violation of resisting arrest without violence because the evidence showed that the police were not in the lawful execution of a legal duty.  He maintained that the police did not have an arrest warrant and that no exigent circumstances justified a warrantless entry into the motel room and, as a result, that their grabbing him through the motel-room window was in violation of the Fourth Amendment.  The trial court rejected that argument and found Mr. Nieves in violation of

_____

[1]Mr. Nieves also testified, and his account of the events differed in material respects from that of the arresting officer.  The trial court resolved those disputes by finding the arresting officer's testimony more credible than Mr. Nieves'.

condition five because he violated the law by resisting arrest without violence. The trial court made no findings with respect to the allegation in the State's affidavit that Mr. Nieves also committed the new law violation of domestic battery. This is Mr. Nieves' timely appeal.

II.

On appeal, Mr. Nieves argues that the trial court erred in revoking his probation because the evidence failed to prove one element of the resisting offense— that the police were acting in "the lawful execution of any legal duty." See § 843.02, Fla. Stat. (2017). To revoke a defendant's probation, the trial court must find, by a preponderance of the evidence, a willful and substantial violation of one of the conditions of his probation. Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013). Where the alleged violation is of a condition prohibiting new law violations, the question is whether a preponderance of the evidence establishes that the probationer committed any alleged offense. Hernandez v. State, 33 So. 3d 143, 144 (Fla. 2d DCA 2010).[2]

Whether the evidence in this case established the lawful execution of a legal duty—a necessary element of the new law violation of resisting an officer without violence that Mr. Nieves was found by the trial court to have committed—depends on the answers to two questions: (1) whether the warrantless arrest of Mr. Nieves was lawful under the Fourth Amendment and, if not, (2) whether that defect renders the State's proof that the police were in the lawful execution of a legal duty legally

_____

[2]The second step of the analysis in a revocation of probation proceeding—which is not at issue in this case—requires that a trial court use its discretion to determine whether or not to revoke the defendant's probation once it finds that a willful and substantial violation of a condition of that probation has occurred. See Savage, 120 So. 3d at 623.

- 4 -

insufficient.  The first question involves the application of Fourth Amendment law to the facts, and the second is one of pure law; our review of these issues is de novo.  See Lawson v. State, 969 So. 2d 222, 229 (Fla. 2007) (holding that where the probation revocation decision hinges on legal questions, the de novo standard applies); Jones v. State, 117 So. 3d 818, 820 (Fla. 4th DCA 2013) (evaluating sufficiency of the evidence to establish a new law violation as a basis to revoke probation under the de novo standard); Cote v. State, 14 So. 3d 1137, 1139 (Fla. 4th DCA 2009) (holding that whether the exigent circumstances exception to the Fourth Amendment's warrant requirement applied to the facts of the case was reviewed under the de novo standard).

Turning first to whether the warrantless arrest of Mr. Nieves was lawful, it is settled that it is unlawful for the police to make a warrantless entry into a place protected by the Fourth Amendment for the purpose of arresting a suspect unless an exception to the warrant requirement applies.  Payton v. New York, 445 U.S. 573, 576 (1980).  This is true even where the police otherwise have probable cause to arrest the suspect and could make the arrest without a warrant were he, for example, just out on the street.  See, e.g., Bennett v. State, 46 So. 3d 1181, 1185 (Fla. 2d DCA 2010); Burt v. State, 821 So. 2d 437, 439 (Fla. 2d DCA 2002).  Thus, the fact that the police had probable cause to arrest Mr. Nieves for the offense of domestic battery does not, by itself, excuse the police from getting a warrant before entering a space protected by the Fourth Amendment to arrest him for that offense.[3]

_____

[3]The State argues otherwise, relying on section 901.15(7), Florida Statutes (2017), which permits a warrantless arrest when the police have "probable cause to believe that [a] person has committed an act of domestic violence."  It is possible that the warrantless entry to effect Mr. Nieves's arrest would be authorized as a statutory matter.  See § 901.19 (authorizing warrantless entry to effect an arrest "[i]f a peace officer fails to gain admittance after she or he has announced her or his authority

- 5 -

No one in this case has disputed that under the facts adduced at the hearing on the affidavit of violation, the motel room in which Mr. Nieves barricaded himself was a place protected by the Fourth Amendment. See Holloman v. State, 959 So. 2d 403, 406 (Fla. 2d DCA 2007) ("The constitutional rights and privileges that apply to those who occupy private permanent dwellings also apply to those who occupy a motel room when the 'occupant is there legally, has paid or arranged to pay, and has not been asked to leave.' " (quoting Turner v. State, 645 So. 2d 444, 447 (Fla. 1994))). Nor has anyone disputed that the police reaching through the motel-room window and pulling Mr. Nieves out constituted a warrantless entry. See Espiet v. State, 797 So. 2d 598, 603 (Fla. 5th DCA 2001) (treating a deputy's reaching through a screen-covered window to grab a domestic violence suspect who had barricaded himself inside as a warrantless entry); cf. Johnson v. State, 395 So. 2d 594, 596 (Fla. 2d DCA 1981) (holding that the act of opening an unlocked screen door was an "entry" for purposes of section 901.19(1)). Thus, the warrantless arrest here could be lawful under the Fourth Amendment only if an exception to the warrant requirement applies. See Sosnowski v. State, 245 So. 3d 885, 888 (Fla. 1st DCA 2018) (stating that evidence of domestic

_____

and purpose" and is "authorized to make an arrest for a felony without a warrant"). If the Fourth Amendment was violated under the circumstances of the warrantless entry to arrest Mr. Nieves, however, the entry was unlawful under the Constitution; the fact that it may have been statutorily authorized would be beside the point. See Payton, 445 U.S. at 575 n.2, 578, 598, 612 n.6 (holding that the Fourth Amendment was violated by a warrantless entry for an arrest, noting that many states—including Florida—have statutes authorizing warrantless arrests in places protected by the Fourth Amendment, and noting that the Florida Supreme Court reached the conclusion argued by the State here in State v. Perez, 277 So. 2d 778 (Fla. 1973)); Bennett, 46 So. 3d at 1185-86 (Fla. 2d DCA 2010) (holding that a warrantless arrest was unconstitutional under Payton even though authorized by sections 901.15 and 901.19); Johnson v. State, 395 So. 2d 594, 596 (Fla. 2d DCA 1981) (stating the same in dictum).

abuse, standing alone, is not sufficient to justify a warrantless entry into a place protected by the Fourth Amendment), review denied, No. SC18-2004, 2019WL1349271 (Fla. Mar. 26, 2019).

The only exception that could possibly apply in this case is the exigent circumstances exception.[4]  See Sturdivant v. State, 578 So. 2d 869, 870 (Fla. 2d DCA 1991) ("The [F]ourth [A]mendment prohibits a warrantless and nonconsensual entry of a lawfully occupied motel room for the purposes of making a felony arrest absent exigent circumstances.").  The exception is generally triggered when the police have an urgent need to address some sort of emergency, such as a threat to the safety of persons or property, a reasonable concern that the suspect might flee, or a reasonable concern that evidence may be destroyed.  See Kentucky v. King, 563 U.S. 452, 460 (2011); see also Hanifan v. State, 177 So. 3d 277, 279-80 (Fla. 2d DCA 2015) (destruction of evidence); Barth v. State, 955 So. 2d 1115, 1117 (Fla. 2d DCA 2006) (threat to safety); A.E.R. v. State, 464 So. 2d 152, 154 (Fla. 2d DCA 1985) (possibility of fleeing suspect).  To establish exigent circumstances, the State must show a "compelling need for official action and no time to secure a warrant."  Michigan v. Tyler, 436 U.S. 499, 509 (1978); Holloman, 959 So. 2d at 406 (quoting Riggs v. State, 918 So. 2d 274, 279 (Fla. 2005)).

---

[4]Consent is also a theoretical possibility because the victim apparently told the arresting officer that he had her permission to enter the motel room.  See Cooper v. State, 706 So. 2d 369, 370 (Fla. 2d DCA 1998) (holding, with respect to a jointly occupied motel room, that "[c]onsent to enter premises occupied by a suspect may be given either by the suspect himself or by a third party who possesses common authority over the premises.").  But Mr. Nieves objected to that testimony; the trial court sustained the objection; and the State has not challenged that evidentiary ruling in this appeal. See Fla. R. App. P. 9.140(c)(1)(K); see also Jennings v. Stephens, 135 S.Ct. 793, 799 (2015) ("[A]n appellee who does not cross-appeal may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.' " (quoting United States v. Am. Ry. Express Co., 265 U.S. 425 (1924))).

The assertion of a compelling need to act and the absence of time to obtain a warrant must be supported by an articulable, objectively reasonable basis in the facts and circumstances attending the warrantless entry. See State v. Fultz, 189 So. 3d 155, 158 (Fla. 2d DCA 2016).

Here, the evidence at the hearing on the affidavit of violation did not reasonably suggest that the exigent circumstances exception applies to the warrantless entry into the motel room in which Mr. Nieves barricaded himself. The victim was out of the room and safe from Mr. Nieves when the police nabbed him through the window. There was no testimony that the police thought that Mr. Nieves was a danger to them or to anyone or anything else. Nor was there any testimony that the police believed that Mr. Nieves had the inclination to flee or the ability to do so (i.e., a back door or window in the motel room) or that there existed any evidence related to the domestic battery that Mr. Nieves could destroy. And the State offered no evidence below and makes no argument here that there was any other compelling need that required the officers to enter the motel room without waiting for a warrant.

The State's argument on exigency thus boils down to the fact that Mr. Nieves had barricaded himself in the motel room and refused to leave voluntarily. On this record—which contains no indication that Mr. Nieves was a danger to anyone and no other evidence of urgency—those facts by themselves do not establish a reasonable basis to find the kind of compelling need for immediate action the exigent circumstances exception requires. Compare Espiet, 797 So. 2d at 602-03 (holding that the exigent circumstances exception did not apply to a warrantless arrest of a domestic violence suspect where the suspect was barricaded in his home, the victim was safe, and no other facts indicated a need for urgent action), with Sosnowski, 245 So. 3d at 888

- 8 -

(finding exigent circumstances for a warrantless entry to arrest a domestic violence suspect where the police "had an objectively reasonable belief that a five-year-old child was in danger"). As a result, the warrantless entry by police into the motel room to arrest Mr. Nieves was unlawful under the Fourth Amendment.[5]

Thus, we must consider whether the constitutional defect in the procedure the police employed in arresting Mr. Nieves renders the State's proof that the police were engaged in the lawful execution of a legal duty legally insufficient. On that score, it is settled that the State cannot prove that the police are in the lawful execution

---

[5]The affidavit of violation in this case stated only that Mr. Nieves had committed "Battery Domestic Violence" and did not specify whether the misdemeanor or felony form of battery was intended. See §§ 741.28(2), Fla. Stat. (2017) (defining "domestic violence"), 784.03, Fla. Stat. (2017) (distinguishing between misdemeanor and felony battery); see also § 784.041(a) (defining domestic battery by strangulation). Nor did the testimony at the revocation hearing establish whether the arresting officer believed he had probable cause or intended to arrest Mr. Nieves for a misdemeanor or a felony. In another case, this might be significant because the law governing warrantless entries for purposes of effecting arrests for misdemeanor or minor offenses is more likely to invalidate a warrantless entry for purposes of making an arrest for a misdemeanor or minor offense than it is to invalidate a warrantless entry for purposes of making a felony arrest. See, e.g., State v. Markus, 211 So. 3d 894, 908 (Fla. 2017) (considering the fact that the offense was minor in determining whether exigent circumstances existed and stating that "when the offense is minor, [an] . . . arrest should usually be accompanied by a warrant"); Espiet, 797 So. 2d at 602 n.2 (noting that Florida statutes do not allow warrantless entries for misdemeanor offenses without an exception to the warrant requirement but do allow such entries for felony arrests). We need not consider any potential difference in treatment here, however, because the State's proof of exigent circumstances in this case would fail even assuming that the police intended to arrest Mr. Nieves for a felony. In Espiet, the case most factually analogous to this one—involving a domestic violence suspect who had barricaded himself in his home—the Fifth District reached essentially the same conclusion. See 797 So. 2d at 602-03 ("The State argues that despite Deputy Englebright's intent to arrest Espiet for a misdemeanor, the facts of this case clearly show that probable cause existed to arrest him for a felony. We conclude that this argument is without merit because the State failed to present evidence of exigent circumstances excusing the deputies' failure to obtain an arrest warrant.").

of a legal duty when they arrest a suspect if the arrest itself is executed unlawfully.

Johnson, 395 So. 2d at 596; see also D.L.S. v. State, 192 So. 3d 1273, 1274 (Fla. 2d

DCA 2016) (reversing adjudication of delinquency for resisting an officer without

violence where the police lacked reasonable suspicion for an investigatory stop

rendering the stop the minor allegedly resisted unlawful in itself).

   The Fifth District applied this principle to facts that were materially

indistinguishable from those of this case in Norton v. State, 691 So. 2d 616, 617 (Fla.

5th DCA 1997).  There, the police entered the home of a probationer without a warrant

to arrest him for sexual assault.  Id. at 616-17.  The probationer resisted, and the State

sought to revoke his probation, alleging new law offenses of resisting arrest without

violence, resisting arrest with violence, and battery on a law enforcement officer.  Id. at

617.  The trial court found all three new law violations proved by a preponderance of the

evidence and revoked probation.  Id.

   The Fifth District reversed the finding that the probationer committed the

new law offense of resisting arrest without violence, reasoning that the illegality of the

warrantless entry into the probationer's home left the State unable to prove the lawful

execution of a legal duty.  Id.  After explaining that the State had not shown that an

exception to the warrant requirement applied, the court held as follows:

> An essential element of the offense of resisting arrest
> without violence is that the arrest must be legal.  The
> deputies should have had a warrant to arrest Norton
> in his home and without it, the arrest was illegal.
> Thus, the trial court's finding that Norton committed
> the offense of resisting arrest without violence was
> improper.

Id. (citation omitted) (citing Benjamin v. State, 462 So. 2d 110 (Fla. 5th DCA 1985)).

The court affirmed the revocation of probation, however, based on the trial court's

findings that the probationer resisted arrest with violence and battered a law enforcement officer, reasoning that the State was not required to prove the lawfulness of the arrest to establish those new law violations. Id. at 617, 618.

We agree with the Fifth District's analysis, and it points to the same result here—namely that because the warrantless entry into Mr. Nieves' motel room for the purposes of arresting him was unlawful, the trial court's finding of the new law violation of resisting arrest without violence cannot stand. See also Johnson, 395 So. 2d at 596-97 (holding that a conviction for resisting arrest without violence could not stand where the police entered the defendant's home for the purposes of making the arrest without a warrant and no exception to the warrant requirement applied). Because resisting without violence was the only violation of the conditions of Mr. Nieves' probation the trial court found, we reverse the order revoking his probation. Cf. Norton, 691 So. 2d at 617 (affirming the revocation of probation despite a similar failure in the burden of proof of an element of the alleged resisting arrest without violence allegation because the trial court also properly found that the defendant had committed two other new law violations that did not require proof of the lawful execution of a duty).

A question arises as to what, if anything, might or should happen on remand. Recall that the State's affidavit of violation of probation also alleged a new law violation of domestic battery, which does not have a lawful-execution element of proof, and that the trial court did not pass on that allegation. It is possible that the State may want to pursue this ground, and it is also possible that the State could be permitted to present additional evidence to support it. See McRae v. State, 88 So. 3d 384, 386 (Fla. 2d DCA 2012) (holding that where the trial court revoked probation based on conduct not alleged in the affidavit, the reversal would be "without prejudice to the State

- 11 -

proceeding on the original affidavit or filing an appropriate affidavit"); <u>Nadal v. State</u>, 855 So. 2d 257, 258 (Fla. 3d DCA 2003) (holding that where the trial court revoked probation based on a new law violation not alleged in the affidavit, its reversal was "without prejudice to the State to renew this charge at a new revocation hearing and present evidence on it").  Accordingly, we remand for further proceedings.  We leave it to the trial court to decide, in the first instance, whether and to what extent the State should be permitted to introduce additional evidence on the domestic battery allegation in the event the State decides to pursue it.

III.

For the foregoing reasons, we reverse the trial court's order revoking Mr. Nieves' probation.  We remand for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and ATKINSON, JJ., Concur.